■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SUSANNA MANNERS, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered July 26, 1974, which granted a motion to suppress physical evidence. Order reversed, on the law and the facts, and motion denied. On November 27, 1973, at approximately 9:30 P.M., two New York City patrolmen observed an automobile containing four occupants stopped for a traffic light at the corner of Utica Avenue and Union Street in the Borough of Brooklyn, New York. Acting on the basis of what they believed to be two or three bullet holes in the windshield, the officers halted the vehicle and demanded of its operator his license and registration. When a telephone check with the Department of Motor Vehicles revealed that his license had been suspended, the operator was placed under arrest for violating section 511 of the Vehicle and Traffic Law. At this juncture, the occupants of the car, including defendant, were directed to remain in the vehicle. The driver was then frisked, and a marijuana cigarette retrieved from his jacket pocket. He was arrested on this additional charge. When the passengers thereafter attempted to exit the vehicle and leave the scene, they were halted within a few feet and directed to raise their hands. Upon complying, a "pat down" of defendant's handbag revealed the presence of what was believed to be a gun. The handbag was opened, a .22 caliber revolver was found, and defendant was arrested for its possession. A subsequent search of the vehicle disclosed the presence of a gravity knife, for the possession of which each of its former occupants was arrested. The People appeal from the order suppressing the handgun. We reverse that determination and deny the motion to suppress. Viewing the totality of the circumstances with which these officers were confronted, and placing particular emphasis on the presence of what appeared to be bullet holes in the windshield, the commission of two crimes in their presence, and defendant's attempted flight from the scene, it is apparent that they possessed sufficient cause to conduct a precautionary search for weapons (CPL 140.50, subd 3) and that the seizure of defendant's handgun was therefore proper. Moreover, even assuming that the officers lacked "reasonable suspicion" to conduct a "surface frisk" of defendant's handbag prior to her arrest (CPL

140.50, subd 3), the facts of the instant case reveal that any such illegality was not a *sine qua non* to discovery of the handgun, and that, accordingly, suppression should still have been denied (see *People v Fitzpatrick,* 32 NY2d 499, cert den 414 US 1033). Thus, it would be unreal to suggest that, *but for* the frisk of defendant's handbag, the pistol would not have been discovered, as the police had already validly halted the vehicle in which she was a passenger (see *People v Ingle,* 36 NY2d 413, and placed its operator under arrest for driving with a suspended license (Vehicle and Traffic Law, § 511) and for possession of marijuana (see *People v Troiano,* 35 NY2d 476). Under these circumstances, a search of the vehicle was imminent; it was entirely fortuitous that the search was delayed by defendant's attempted flight. It was upon halting defendant and her companions that the frisk occurred; upon returning them to the vehicle, the subsequent search of its contents revealed the presence of a gravity knife. At this juncture, all of the former occupants were arrested and the search of defendant's handbag was assured. This "inevitable discovery" operated to purge the prior seizure of any possible taint (see *People v Fitzpatrick, supra).* Rabin, Acting P. J., Hopkins, Latham and Munder, JJ., concur; Shapiro, J., concurs in the result.