■ The People of the State of New York, Appellant, v Richard Cahill, Respondent.—Appeal by the People from an order of the County Court, Westchester County, dated December 8, 1975, which granted the branch of defendant's motion which sought to dismiss the indictment for failure to accord him a speedy trial. Order affirmed. It is undisputed that more than six months elapsed between the time this prosecution was commenced, by indictment, and the time the People were ready for trial. Since there were no "exceptional circumstances" (see CPL 30.30, subd 4, par [g]), and no other circumstances which served to toll the statutory period, dismissal of the indictment was mandated (see CPL 30.30, subd 1, par [a]; 30.30, subd 4). Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.

■ The People of the State of New York, Respondent v Jack Coker, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered May 30, 1975, convicting him of two counts of robbery in the third degree and two counts of grand larceny in the third degree, after a nonjury trial, and imposing sentence. Judgment affirmed. Although the evidence convicting defendant was circumstantial, it was sufficient to establish defendant's guilt beyond a reasonable doubt (see *People v Benzinger,* 36 NY2d 29). The Trial Judge's questioning of the witnesses and of defendant, eliciting significant facts so as to ascertain the truth, was proper (see *People v Hinton,* 31 NY2d 71). Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.

■ The People of the State of New York, Respondent, v Susanna Manners, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 22, 1976, convicting her of attempted possession of a weapon, upon a plea of guilty, and imposing sentence. Judgment affirmed. The issue with respect to the motion to suppress physical evidence was previously heard and decided by this court (see *People v Manners,* 49 AD2d 588). The sentence of probation for five years was not excessive, even in the light of defendant's unblemished prior record. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.