### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 10, 2016                    105338

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                              MEMORANDUM AND ORDER

JOSEPH WEBB,
                        Appellant.

_____

Calendar Date:  January 19, 2016

Before:  Peters, P.J., Garry, Egan Jr. and Rose, JJ.

_____

        Marcy I. Flores, Warrensburg, for appellant.

        J. Anthony Jordan, District Attorney, Fort Edward (Sara E.
Fischer of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Washington
County (McKeighan, J.), rendered June 15, 2012, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a controlled substance in the third degree.

        Defendant pleaded guilty to criminal possession of a
controlled substance in the third degree in full satisfaction of
a four-count indictment and executed a waiver of his right to
appeal.  Under the terms of his plea agreement, County Court
agreed to sentence defendant to a prison term of four years with
two years of postrelease supervision provided that he did not
have any undisclosed prior felonies.  Upon finding thereafter
that defendant had a prior felony conviction that had not been
considered, the court adjourned sentencing for further review and
to allow defendant an opportunity to withdraw his plea.
Defendant chose not to withdraw his plea and agreed to proceed to

sentencing and to be sentenced, as a second felony offender, to a prison term of six years with two years of postrelease supervision; the court then imposed the agreed-upon sentence. Defendant appeals.

Initially, we find that defendant's waiver of the right to appeal does not preclude his challenge to the sentence, as his written waiver executed in the course of the plea proceedings expressly recited only the original four-year sentence. Turning to the merits, in light of defendant's criminal history and the severity of the conduct underlying his conviction, we reject his sole contention on appeal that the sentence imposed by County Court was harsh and excessive (see People v Tetreault, 131 AD3d 1327, 1328 [2015]; People v Rabideau, 130 AD3d 1094, 1095 [2015]; People v Ensley, 53 AD3d 929, 930 [2008]).

Peters, P.J., Garry, Egan Jr. and Rose, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court