## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: July 28, 2016                    106655
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RYAN McKINNEY,
                        Appellant.
_____

Calendar Date:   June 6, 2016

Before:   McCarthy, J.P., Garry, Lynch, Mulvey and Aarons, JJ.

_____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Stephen K. Cornwell Jr., District Attorney, Binghamton
(Stephen D. Ferri of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Broome County
(Lehmann, J.), rendered February 21, 2014, convicting defendant
upon his plea of guilty of the crime of attempted strangulation
in the second degree.

        As a result of a domestic dispute culminating in a physical
altercation with his paramour, defendant was charged in a
superior court information with the crime of strangulation in the
second degree.  Pursuant to a plea agreement, defendant pleaded
guilty to attempted strangulation in the second degree, a class E
felony.  County Court ultimately sentenced defendant, in
accordance with the terms of the plea agreement, to a five-year
term of probation.

        Defendant's sole contention on appeal is that the five-year
term of probation is harsh and excessive and should be reduced to

three years in the interest of justice. We do not agree. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Ramos, 133 AD3d 904, 908 [2015] [internal quotations marks and citations omitted], lvs denied 26 NY3d 1143, 1149 [2016]; People v Simmons, 122 AD3d 1169, 1169 [2014], lv denied 25 NY3d 1171 [2015]). Given defendant's prior criminal history, within both California and this state, and the fact that the term of probation was the length negotiated by the parties and that defendant was already on probation when he committed the instant offense, we discern no extraordinary circumstances or an abuse of discretion that would warrant modification of the sentence (see CPL 470.15 [6] [b]; People v Johnson, 182 AD2d 922, 922 [1992], lv denied 80 NY2d 833 [1992]; People v Manners, 54 AD2d 938, 938 [1976]).

McCarthy, J.P., Garry, Lynch, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court