People v Westmoreland (2018 NY Slip Op 06158)





People v Westmoreland


2018 NY Slip Op 06158


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

109349

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
AMBER N. WESTMORELAND, Appellant.

Calendar Date: August 6, 2018

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.


 Michael T. Baker, Acting Public Defender, Binghamton (Jonathan Rothermel of counsel), for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered February 21, 2017, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree (two counts).
In full satisfaction of a five-count indictment, defendant agreed to plead guilty to criminal possession of a controlled substance in the third degree (two counts) with the understanding that there would be a sentencing cap of six years. Following defendant's guilty plea, County Court sentenced defendant to concurrent prison terms of five years followed by three years of postrelease supervision. Defendant now appeals — arguing only that the sentence imposed is harsh and excessive.
We affirm. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Tschorn, ___ AD3d ___, ___, 77 NYS3d 914, 915 [2018] [internal quotation marks and citations omitted]; accord People v McKinney, 141 AD3d 1031, 1032 [2016]; see People v Simmons, 122 AD3d 1169, 1169 [2014], lv denied 25 NY3d 1171 [2015]). The concurrent five-year prison terms imposed here were consistent with the terms of defendant's favorable plea agreement and fell toward the lower end of the statutory range. In light of such factors, and given defendant's criminal history, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence imposed in the interest of justice (see generally People v Suddard, ___ AD3d ___, ___, 77 NYS3d 910, 911 [2018]; People v Webb, 137 AD3d 1377, 1377 [2016], lv denied 27 NY3d 1156 [2016]; People v Manley, 70 AD3d 1125, 1125 [2010]).
Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.