People v Barrales (2020 NY Slip Op 00329)





People v Barrales


2020 NY Slip Op 00329


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

110526 110501

[*1]The People of the State of New York, Respondent,
v
Racheal Barrales, Appellant.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Henry C. Meier III, Delmar, for appellant.
Meagan K. Galligan, Acting District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Devine, J.
Appeals (1) from a judgment of the Supreme Court (Schick, J.), rendered September 11, 2017 in Sullivan County, convicting defendant upon her pleas of guilty of the crimes of attempted criminal possession of a weapon in the second degree and grand larceny in the fourth degree, and (2) by permission, from an order of said court, entered September 27, 2018, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.
Defendant waived indictment, purportedly waived her right to appeal and pleaded guilty to a superior court information charging her with grand larceny in the fourth degree. The parties realized that the agreed-upon sentence was illegal while sentencing was pending and, in addition, defendant was arrested for new offenses. After further negotiations, an agreement was reached in which defendant stood by her initial guilty plea upon the understanding that she would receive an agreed-upon prison sentence. She also waived indictment, purportedly waived her right to appeal and, in satisfaction of a second superior court information, pleaded guilty to attempted criminal possession of a weapon in the second degree. In accordance with the terms of the agreement, Supreme Court sentenced defendant, a second felony offender, to concurrent prison terms that amounted to a total of 3½ years and five years of postrelease supervision. Supreme Court further issued a violent felony override. The court denied, without a hearing, defendant's subsequent motion pursuant to CPL 440.20 to set aside the sentence. Defendant appeals from the judgment of conviction and, by permission, from the denial of her CPL article 440 motion.
We initially consider the validity of defendant's appeal waivers. Defendant executed largely identical written waivers stating that she gave up the right to raise "all issues that may validly be waived" on appeal — with no discussion as to what issues may not be — and inaccurately stating that they encompassed her ability "to prosecute [any] appeal as a poor person and to have an attorney assigned in the event that [she is] indigent, and to submit a brief and/or have argument before the appellate court on any issues." The written waivers further stated that defendant was giving up her right to seek other postconviction relief at the state or federal level, including CPL article 440 motions and applications for writs of habeas corpus and error coram nobis. Defendant acknowledged in both waivers that she had consulted with counsel to her satisfaction and understood their terms, and she confirmed during both plea colloquies that she understood the right to appeal to be separate and distinct from the ones she was forfeiting by pleading guilty and was giving that right up. There was no attempt during either colloquy, however, to clarify that an appeal waiver was not a total bar to her taking an appeal or seeking collateral relief (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Callahan, 80 NY2d 273, 280 [1992]; People v Seaberg, 74 NY2d 1, 11 [1989]). To the contrary, the People reiterated during the first plea colloquy that defendant was "foreclosed forever from challenging the competency of [her] plea and sentence before this or any other state or federal appellate court," and Supreme Court advised defendant during the second plea colloquy that she was entirely giving up her "right to appeal . . . to any higher court."
It appears from the foregoing that defendant was well aware that the appeal waivers meant the relinquishment of her right to raise issues upon a direct appeal, but was also misled to believe that they had broader effects. We have previously held that an overbroad appeal waiver would remain knowing, intelligent and voluntary, but that any nonwaivable rights would be "excluded from [its] scope" (People v Gruber, 108 AD3d 877, 878 [2013], lv denied 22 NY3d 956 [2013]; see People v Norton, 9 AD3d 741, 742 [2004]; People v Wagoner, 6 AD3d 985, 986 [2004]; People v Umber, 2 AD3d 1051, 1052 [2003], lv denied 2 NY3d 747 [2004]). The Court of Appeals has recently advised, however, that an appeal waiver is not "knowingly or voluntarily made in the face of erroneous advisements warning of absolute bars to the pursuit of all potential remedies, including those affording collateral relief on certain nonwaivable issues in both state and federal courts" (People v Thomas, ___ NY3d ___, ___, 2019 NY Slip Op 08545, *7 [2019]). Accordingly, we are constrained to hold that defendant's appeal waivers are invalid given the confusion as to their impact.
Turning to the merits, we affirm. Defendant challenges the voluntariness of her pleas, but her apparent "failure to make a motion to withdraw [her] plea or vacate the judgment renders this issue unpreserved for review" (People v Lopez, 51 AD3d 1210, 1211 [2008]; see People v Borden, 91 AD3d 1124, 1126 [2012], lv denied 19 NY3d 862 [2012]). Were this issue properly before us, we would find that the record belies defendant's contention that the violent felony override issued by Supreme Court was a part of the plea agreement or a component of the agreed-upon sentence that induced her to enter the guilty pleas (see People v Bennett, 144 AD3d 697, 698 [2016]; People v Demick, 138 AD3d 1486, 1486 [2016], lv denied 27 NY3d 1150 [2016]; cf. People v Ballato, 128 AD3d 846 [2015]). To the extent that defendant raises any issue with regard to the denial of her CPL 440.20 motion, we find that the motion was properly denied as the record fails to establish that the sentence "was unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]).
Lynch, J.P., Clark, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment and order are affirmed.