People v Burdo (2020 NY Slip Op 00456)





People v Burdo


2020 NY Slip Op 00456


Decided on January 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 23, 2020

110024

[*1]The People of the State of New York, Respondent,
v
Maurice Burdo, Appellant.

Calendar Date: January 3, 2020

Before: Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ.


Adam G. Parisi, Schenectady, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Rebecca L. Fox of counsel), for respondent.



Appeal from a judgment of the County Court of Clinton County (Bruno, J.), rendered November 30, 2017, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree and robbery in the first degree.
Defendant was charged in an indictment with various crimes as a result of his participation in a home invasion during which he and a codefendant threatened an elderly couple with a sharp metal instrument and stole money. In satisfaction thereof, he pleaded guilty to burglary in the first degree and robbery in the first degree, and was required to waive his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a second violent felony offender to concurrent prison terms of 15 years on each conviction followed by five years of postrelease supervision. Defendant appeals.
Initially, the People concede and we agree that the appeal waiver is invalid. The record does not disclose that County Court advised defendant that the right to appeal was separate and distinct from the other trial-related rights that he was forfeiting by pleading guilty or that he fully comprehended the consequences of the appeal waiver (see People v Suddard, 164 AD3d 950, 951 [2018], lv denied 32 NY3d 1178 [2019]; People v Callender, 164 AD3d 962, 962 [2018]). Furthermore, although defendant executed a written waiver, the circumstances under which it was signed are not clear, as the record does not reflect that defendant signed the waiver in open court after conferring with counsel (see People v Warren, 160 AD3d 1286, 1287 [2018]; People v Metayeo, 155 AD3d 1239, 1240 [2017]). Accordingly, defendant is not precluded by the appeal waiver from challenging the severity of the sentence.
Nevertheless, we do not find that the sentence is either harsh or excessive. Defendant has a lengthy criminal record, characterized by violent criminal offenses and parole violations. In view of this and the fact that defendant consented to the sentence as part of the plea agreement, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Suddard, 164 AD3d at 951; People v French, 134 AD3d 1245, 1245-1246 [2015]; People v Kerwin, 117 AD3d 1097, 1098 [2014]).
Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.