People v Anderson (2020 NY Slip Op 03571)





People v Anderson


2020 NY Slip Op 03571


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

109945

[*1]The People of the State of New York, Respondent,
v
Malik Anderson, Also Known as M, Appellant.

Calendar Date: May 22, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Timothy S. Brennan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered October 30, 2017, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to attempted murder in the second degree and purportedly waived the right to appeal. The plea agreement provided that, subject to certain conditions, defendant would be sentenced to a determinate prison term within the range of 10 to 12 years. County Court thereafter sentenced defendant to 10 years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that his waiver of the right to appeal was not knowing, intelligent and voluntary, and we agree. An appeal waiver is not "knowingly or voluntarily made in the face of erroneous advisements warning of absolute bars to the pursuit of all potential remedies, including those affording collateral relief on certain nonwaivable issues in both state and federal courts" (People v Thomas, 34 NY3d 545, 566 [2019]). During the plea colloquy, County Court informed defendant that the appellate rights that he was waiving were listed on a written appeal waiver. The written waiver, which was signed by defendant, stated that defendant was waiving his "right to appeal from any other matters for which [he] may have an appeal as of right or otherwise in any [s]tate or [f]ederal court, or that I may collaterally attack pursuant to [CPL 330.00 or 440.00], or through [w]rits of [c]orum [n]obis or [h]abeas [c]orpus, or any other manner, in any [s]tate or [f]ederal court." In light of this overbroad language, and the lack of any indication that defendant, a first time felony offender, understood that he retained the right to some appellate review, we find that defendant did not knowingly, intelligently and voluntarily waive the right to appeal (see id. at 566; People v Barrales, 179 AD3d 1313, 1314-1315 [2020]; compare People v Martin, 179 AD3d 1385, 1386 [2020]).
To the extent that defendant argues that his plea was not voluntarily entered, he failed to preserve this claim by an appropriate postallocution motion, and the narrow exception to the preservation rule was not triggered here (see People v Almonte, 179 AD3d 1222, 1224 [2020], lv denied 35 NY3d 940 [2020]; People v Lobao, 178 AD3d 1238, 1238-1239 [2019], lv denied ___ NY3d ___ [Apr. 30, 2020]). Were this issue properly before us, we would find that the record establishes that defendant entered a knowing, intelligent and voluntary plea (see e.g. People v Haenelt, 161 AD3d 1489, 1490 [2018], lv denied 31 NY3d 1148 [2018]). Finally, contrary to defendant's contention, we do not find the sentence to be harsh or excessive. Although the plea agreement contemplated that defendant could be sentenced to a prison term of up to 12 years, County Court sentenced defendant to 10 years in prison. We find no abuse of discretion in this sentencing determination or extraordinary circumstances warranting a reduction of the sentence (see People v White, 163 AD3d 1358, 1358-1359 [2018], lvs denied 32 NY3d 1002, 1009 [2018]; People v Wolcott, 154 AD3d 1001, 1002 [2017], lv denied 31 NY3d 1089 [2018]).
Garry, P.J., Lynch, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.