People v Lafond (2020 NY Slip Op 07630)





People v Lafond


2020 NY Slip Op 07630


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

110757

[*1]The People of the State of New York, Respondent,
v
Lordson Lafond, Appellant.

Calendar Date: November 24, 2020

Before: Lynch, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Linda B. Johnson, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Rensselaer County (Sober, J.), rendered September 25, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant was charged in an indictment with attempted criminal possession of a controlled substance in the first degree. Following arraignment, he filed an omnibus motion seeking, among other things, to dismiss the charge due to insufficient evidence before the grand jury. County Court reviewed the grand jury minutes and concluded that the evidence was legally sufficient to support the indictment. Defendant thereafter pleaded guilty to attempted criminal possession of a controlled substance in the third degree and purportedly waived the right to appeal. County Court sentenced defendant, as a second felony offender, to 3½ years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. Initially, we agree with defendant that he did not knowingly, intelligently and voluntarily waive the right to appeal. The written appeal waiver that defendant signed contained language that indicated that the waiver was an absolute bar to any appeal. A review of the plea colloquy reveals that County Court did not overcome this defect by ensuring that defendant "understood the distinction that some appellate review survived" the appeal waiver (People v Thomas, 34 NY3d 545, 561 [2019]; see People v Allevato, 170 AD3d 1264, 1265 [2019], lv denied 34 NY3d 949 [2019]). As such, we find that defendant did not enter a knowing, intelligent and voluntary appeal waiver (see People v Anderson, 184 AD3d 1020, 1020-1021 [2020], lvs denied 35 NY3d 1064, 1068 [2020]; People v Barrales, 179 AD3d 1313, 1314 [2020]; compare People v Martin, 179 AD3d 1385, 1386 [2020]).
Defendant's challenge to the voluntariness of his plea is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Gumbs, 182 AD3d 701, 702 [2020], lv denied 35 NY3d 1066 [2020]; People v Small, 166 AD3d 1237, 1238 [2018]). Moreover, defendant did not make any statements during the plea colloquy or at sentencing that cast doubt upon his guilt or called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation rule (see People v Sydlosky, 181 AD3d 1094, 1094-1095 [2020]; People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]). Defendant's contention that County Court erred in denying his motion to dismiss the indictment was waived by his guilty plea (see People v Hansen, 95 NY2d 227, 232 [2000]; People v King, 185 AD3d 1090, 1090-1091 [2020]).
Turning to defendant's ineffective assistance of counsel claims, to the extent that they implicate the voluntariness of his plea, they are unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Sabin, 179 AD3d [*2]1401, 1403 [2020], lv denied 35 NY3d 995 [2020]; People v Thomas, 178 AD3d 1237, 1237-1238 [2019]). Defendant's claim that counsel was ineffective for not advising him of or pursuing an entrapment defense concerns matters outside of the record and, therefore, is more properly raised in a CPL article 440 motion (see People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied 32 NY3d 937 [2018]). His claim that counsel was ineffective for failing to advocate for a drug treatment program is belied by the record and, inasmuch as counsel negotiated an advantageous plea and there is nothing in the record that casts doubt on counsel's effectiveness, we find that defendant was provided meaningful representation in connection with his guilty plea (see People v Robles, 172 AD3d 1780, 1782 [2019], lv denied 34 NY3d 983 [2019]; People v Griffin, 165 AD3d 1316, 1318 [2018]). As for defendant's claim that the sentence imposed is harsh and excessive, we discern no abuse of discretion or extraordinary circumstances warranting modification of the sentence in the interest of justice (see People v Brito, 184 AD3d 900, 901 [2020]; People v Allevato, 170 AD3d at 1265).
Lynch, J.P., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.