People v Monk (2020 NY Slip Op 08127)





People v Monk


2020 NY Slip Op 08127


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

110364 110365

[*1]The People of the State of New York, Respondent,
v
Jovon L. Monk, Appellant.

Calendar Date: November 24, 2020

Before: Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Marlene O. Tuczinski, Chatham, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Tompkins County (Cassidy, J.), rendered May 26, 2017, convicting defendant upon his plea of guilty of the crimes of attempted criminal possession of a weapon in the second degree and criminal sale of a controlled substance in the third degree.
Defendant was charged in two separate indictments, the first of which charged him with criminal sale of a controlled substance in the third degree for selling heroin. The second indictment charged defendant with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal possession of a firearm stemming from the discovery of a loaded firearm during a search of a vehicle in which he was a passenger. A suppression hearing was held to address, among other things, defendant's motions to suppress evidence seized from the vehicle. After the close of proof at the hearing, but prior to County Court rendering a decision, defendant entered into a plea agreement. Pursuant to the plea agreement, defendant purportedly waived his right to appeal and pleaded guilty to criminal sale of a controlled substance in the third degree as charged in the first indictment and to the reduced charge of attempted criminal possession of a weapon in the second degree in satisfaction of the second indictment. Defendant was sentenced, as a predicate felon, to concurrent prison terms of three years, followed by three years of postrelease supervision, for his conviction of criminal sale of a controlled substance in the third degree, and four years, followed by five years of postrelease supervision, for his conviction of attempted criminal possession of a weapon in the second degree. Defendant appeals.
Initially, we agree with defendant that the appeal waiver was invalid. To that end, although County Court explained the separate and distinct nature of the right to appeal, the otherwise brief explanation of the appeal waiver was overly broad and tended to impermissibly signify a complete bar to any appellate rights (see People v Thomas, 34 NY3d 545, 566-567 [2019]; People v Barrales, 179 AD3d 1313, 1314 [2020]), and the written appeal waiver — which indicates that defendant waives his right to appeal only in connection with his guilty plea to criminal sale of a controlled substance in the third degree — is insufficient to clarify any misleading information. Moreover, there is no indication in the record that defendant conferred with counsel, read the written waiver or understood its consequences, or at what point the written waiver was executed (see People v Brito, 184 AD3d 900, 900 [2020]). Given these circumstances, we cannot say that defendant knowingly, voluntarily and intelligently waived his right to appeal (see id. at 900-901; People v Barrales, 179 AD3d at 1314-1315).
Turning to the merits, we affirm. Defendant first argues that his motion to suppress evidence seized from the vehicle should have been, or should be, granted[*2]. However, because defendant pleaded guilty while a decision on his suppression motion was pending, defendant forfeited his right to appellate review of all claims related to his suppression motions (see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Burks, 179 AD3d 1387, 1388 [2020]). Although defendant is correct in noting that there is a record of the suppression hearing that would allow for appellate review, a prerequisite to such consideration is whether an order — either oral or written — was issued in the first instance by the trial court on the suppression issue (see CPL 710.70 (2); People v Elmer, 19 NY3d 501, 509 [2012]). It is undisputed that no such order was issued here, and we decline defendant's invitation to decide his suppression motion in the interest of justice. Defendant's remaining contention is that County Court's order directing forfeiture of cash and defendant's cell phone, which was part of the plea agreement, is invalid and unenforceable. This issue, however, is unpreserved for our review as defendant did not raise any objection to the forfeiture agreement, seek to withdraw his plea or otherwise express any disinclination to proceed with the plea agreement if forfeiture was a condition thereof (see People v Coleman, 138 AD3d 1014, 1015 [2016], lv denied 27 NY3d 1149 [2016]; People v Burgos, 129 AD3d 627, 628 [2015], lv denied 26 NY3d 1038 [2015]).
Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.