People v Aponte (2021 NY Slip Op 00057)





People v Aponte


2021 NY Slip Op 00057


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

111004

[*1]The People of the State of New York, Respondent,
v
Joshua Aponte, Also Known as Pharaoh and Joshua Solano, Appellant.

Calendar Date: November 16, 2020

Before: Garry, P.J., Lynch, Clark and Mulvey, JJ.


Linda B. Johnson, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Rensselaer County (Sober, J.), rendered November 7, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In full satisfaction of a 10-count indictment, defendant agreed to plead guilty to criminal possession of a weapon in the second degree and to waive his right to appeal. Consistent with the terms of the plea agreement, County Court sentenced him, as a second felony offender, to a prison term of 12 years followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that his waiver of the right to appeal is invalid. At the outset of the plea proceedings, defendant was advised that an appeal waiver was a condition of the plea agreement. Additionally, County Court advised defendant that the right to appeal was separate and distinct from other trial-related rights automatically forfeited by his guilty plea. Thereafter, defendant signed a written waiver of appeal. However, this waiver contained overbroad language as to the legal ramifications of waiving his right to appeal, including that the "case will come to an end when [he is] sentenced" and he will "not have the right to have any [c]ourt review [his] case for any reason." We find that County Court failed to make clear to defendant that the appeal waiver was not a total bar to defendant taking an appeal, nor did the court adequately ensure that defendant understood the contents or ramifications of the waiver (see People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Anderson, 184 AD3d 1020, 1020 [2020], lv denied 35 NY3d 1064 [2020]; People v Barrales, 179 AD3d 1313, 1314 [2020]). Based on the record, which consists of defendant's one-word responses to the court's questions, coupled with the language contained in the written waiver, there is no indication that defendant understood that he retained the right to some appellate review. Therefore, we do not find that he knowingly, intelligently and voluntarily waived his right to appeal (see People v Rodriguez, 185 AD3d 1296, 1297 [2020]; People v Brito, 184 AD3d 900, 901 [2020]; People v Pope, 129 AD3d 1389, 1389 [2015]).
Defendant next challenges the voluntariness and/or factual sufficiency of his plea. These issues, however, are unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Brito, 184 AD3d at 901; People v Barrales, 179 AD3d at 1315). Further, as defendant did not make any statements during the plea colloquy or at sentencing that cast doubt upon his guilt, negated an element of the charged crime or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]).
To the extent that defendant's ineffective assistance of counsel claim implicates the voluntariness of his plea, it is likewise [*2]unpreserved for our review for failure to make an appropriate postallocution motion (see People v Weidenheimer, 181 AD3d 1096, 1097 [2020]; People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]). Defendant's direct claims of ineffective counsel, based upon allegations that counsel failed to communicate plea offers and secure a more advantageous disposition, involve matters outside of the record and are therefore more properly the subject of a CPL article 440 motion (see People v Danzy, 182 AD3d 920, 921-922 [2020], lv denied 35 NY3d 1043 [2020]; People v Sablan, 177 AD3d 1024, 1026 [2019], lv denied 34 NY3d 1132 [2020]; People v Santiago, 118 AD3d 1032, 1033 [2014]). Lastly, we are not persuaded that the agreed-upon sentence, which is three years less than the maximum permissible period (see Penal Law §§ 70.06 [6] [b]; 70.45 [2]; 265.03 [3]), was an abuse of discretion, and defendant has failed to articulate any extraordinary circumstances warranting modification of his sentence in the interest of justice (see People v Alolafi, 170 AD3d 1379, 1380 [2019]; People v McKinney, 141 AD3d 1031, 1032 [2016]).
Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.