People v Katoom (2021 NY Slip Op 01288)





People v Katoom


2021 NY Slip Op 01288


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

109808

[*1]The People of the State of New York, Respondent,
v
Jainanine Katoom, Appellant.

Calendar Date: February 4, 2021

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered July 6, 2017, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to the reduced charge of attempted burglary in the second degree and was required to waive the right to appeal. County Court thereafter imposed the agreed-upon sentence of three years in prison, to be followed by 1½ years of postrelease supervision. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon our review of the record and counsel's brief, we disagree. We find that there is at least one issue of arguable merit with respect to the validity of defendant's appeal waiver that may potentially impact other issues that may be raised, such as the severity of the sentence (see People v Thomas, 34 NY3d 545, 566 [2019]; People v Barrales, 179 AD3d 1313, 1314-1315 [2020]). Accordingly, without passing judgment on the ultimate merit of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.