People v Figueroa (2021 NY Slip Op 01448)





People v Figueroa


2021 NY Slip Op 01448


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

110860

[*1]The People of the State of New York, Respondent,
v
Herman Figueroa, Appellant.

Calendar Date: February 4, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hogan, J.), rendered June 7, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.
Defendant pleaded guilty to attempted rape in the first degree and purportedly waived the right to appeal. Supreme Court sentenced defendant, as a second felony offender, to five years in prison, to be followed by 20 years of postrelease supervision. Defendant appeals.
Defendant contends that his appeal waiver was invalid. We agree. "An appeal waiver is not 'knowingly or voluntarily made in the face of erroneous advisements warning of absolute bars to the pursuit of all potential remedies, including those affording collateral relief on certain nonwaivable issues in both state and federal courts'" (People v Anderson, 184 AD3d 1020, 1020 [2020], lvs denied 35 NY3d 1064, 1068 [2020], quoting People v Thomas, 34 NY3d 545, 566 [2019]). Here, the written waiver signed by defendant indicated that the waiver was an absolute bar to any appeal and stated that defendant was waiving the "right to appeal from any other matters for which I may have an appeal as of right or otherwise in any [s]tate or [f]ederal court, or that I may collaterally attack pursuant to [CPL articles 330 or 440], or through [w]rits of [c]orum [n]obis or [h]abeas [c]orpus, or any other manner, in any [s]tate or [f]ederal court." Supreme Court did not overcome this overbroad language by ensuring that defendant understood that some appellate and collateral review survived the waiver. Accordingly, we find that defendant did not enter a knowing, intelligent and voluntary appeal waiver (see People v Thomas, 34 NY3d at 565-566; People v Anderson, 184 AD3d at 1020-1021; People v Barrales, 179 AD3d 1313, 1314-1315 [2020]). As to defendant's remaining claim that the sentence is harsh and excessive, we discern no abuse of discretion or extraordinary circumstances warranting modification of the sentence in the interest of justice (see People v Brito, 184 AD3d 900, 901 [2020]; People v Rivera, 164 AD3d 1573, 1574 [2018], lv denied 32 NY3d 1177 [2019]).
Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.