People v Lunan (2021 NY Slip Op 04512)





People v Lunan


2021 NY Slip Op 04512


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

110463
[*1]The People of the State of New York, Respondent,
v
Keith Lunan, Appellant.

Calendar Date:June 17, 2021

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered July 19, 2017, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and arson in the fourth degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to burglary in the second degree and arson in the fourth degree and purportedly waived the right to appeal. In accordance with the plea agreement, County Court sentenced defendant, as a second violent felony offender, to 8½ years in prison, to be followed by five years of postrelease supervision, on the burglary conviction and to a lesser concurrent prison term on the arson conviction. Defendant appeals.
Initially, we agree with defendant that his waiver of the right to appeal was not knowing, intelligent and voluntary. "An appeal waiver is not 'knowingly or voluntarily made in the face of erroneous advisements warning of absolute bars to the pursuit of all potential remedies, including those affording collateral relief on certain nonwaivable issues in both state and federal courts'" (People v Anderson, 184 AD3d 1020, 1020 [2020], lvs denied 35 NY3d 1064, 1068 [2020], quoting People v Thomas, 34 NY3d 545, 566 [2019]; see People v Barrales, 179 AD3d 1313, 1314-1315 [2020]). The written wavier signed by defendant indicated that the waiver was an absolute bar to taking any appeal and expressly stated that he was waiving his "right to appeal from any other matters for which I may have an appeal as of right or otherwise in any [s]tate or [f]ederal court, or that I may collaterally attack pursuant to [CPL articles 330 or 440], or through [w]rits of [c]orum [n]obis or [h]abeas [c]orpus, or any other manner, in any [s]tate or [f]ederal court." Given that County Court did not overcome the overbroad language of the written waiver by ensuring that defendant understood that some appellate and collateral review survives an appeal waiver, the waiver was invalid (see People v Figueroa, 192 AD3d 1269, 1270 [2021]; People v Anderson, 184 AD3d at 1021). Given the invalidity of the appeal waiver, defendant's claim that his sentence is harsh and excessive is not foreclosed. Nevertheless, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Deming, 190 AD3d 1193, 1194 [2021], lv denied 36 NY3d 1119 [2021]; People v Burdo, 179 AD3d 1355, 1355-1356 [2020], lv denied 35 NY3d 940 [2020]).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.