People v Hyson (2021 NY Slip Op 05046)





People v Hyson


2021 NY Slip Op 05046


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

110880
[*1]The People of the State of New York, Respondent,
v
Douglas Hyson, Appellant.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.

Aaron A. Louridas, Delmar, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Milano, J.), rendered June 12, 2014 in Schenectady County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant was charged in an indictment with burglary in the first degree, criminal obstruction of breathing or blood circulation and endangering the welfare of a child. In satisfaction of the indictment, defendant pleaded guilty to the reduced charge of burglary in the second degree and purportedly waived the right to appeal. Supreme Court sentenced defendant to 3½ years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, the People concede, and we agree, that defendant did not validly waive the right to appeal. "An appeal waiver is not 'knowingly or voluntarily made in the face of erroneous advisements warning of absolute bars to the pursuit of all potential remedies, including those affording collateral relief on certain nonwaivable issues in both state and federal courts'" (People v Anderson, 184 AD3d 1020, 1020 [2020], lvs denied 35 NY3d 1064, 1068 [2020], quoting People v Thomas, 34 NY3d 545, 566 [2019]; see People v Barrales, 179 AD3d 1313, 1314-1315 [2020]). Defendant signed a written waiver purporting to effectuate a waiver of his right to seek postconviction relief at the state and federal level, including CPL article 440 motions and writs of habeas corpus and error coram nobis. Inasmuch as Supreme Court failed to clarify that an appeal waiver is not an absolute bar to defendant taking an appeal or seeking collateral relief, the appeal waiver is invalid (see People v Ghee, 195 AD3d 1244, 1244 [2021], lvs denied ___ NY3d ___ [Aug. 4, 2021]; People v Barrales, 179 AD3d at 1314-1315). As such, defendant's remaining claim, that the amount of postrelease supervision imposed was harsh and excessive, is properly before us. Although the underlying crime represented defendant's first conviction in over 11 years, in view of his otherwise lengthy criminal history, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon term of postrelease supervision in the interest of justice (see People v Washburn, 192 AD3d 1267, 1268 [2021], lv denied 37 NY3d 961 [2021]; People v Weidow, 150 AD3d 1488, 1488-1489 [2017]).
Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.