People v Beach (2021 NY Slip Op 05048)





People v Beach


2021 NY Slip Op 05048


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

111398
[*1]The People of the State of New York, Respondent,
v
Christopher Beach, Appellant.

Calendar Date:September 3, 2021

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

John Ferrara, Monticello, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Kevin Mulryan of counsel), for respondent.



Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered October 5, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant pleaded guilty to criminal possession of a controlled substance in the third degree and purportedly waived the right to appeal. County Court sentenced defendant, as a second felony offender, to nine years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
The People concede, and we agree, that defendant did not validly waive the right to appeal. "An appeal waiver is not 'knowingly or voluntarily made in the face of erroneous advisements warning of absolute bars to the pursuit of all potential remedies, including those affording collateral relief on certain nonwaivable issues in both state and federal courts'" (People v Anderson, 184 AD3d 1020, 1020 [2020], lvs denied 35 NY3d 1064, 1068 [2020], quoting People v Thomas, 34 NY3d 545, 566 [2019]; see People v Barrales, 179 AD3d 1313, 1314-1315 [2020]). Defendant signed a written waiver purporting to effectuate a waiver of his right to seek postconviction relief at the state or federal level, including CPL article 440 motions and writs of habeas corpus and error coram nobis. Further, County Court did not overcome the overbroad written waiver by ensuring "that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Lafond, 189 AD3d 1824, 1825 [2020] [internal quotation marks and citation omitted], lv denied 36 NY3d 1121 [2021]). Accordingly, the appeal waiver is invalid (see People v Ghee, 195 AD3d 1244, 1244 [2021], lvs denied ___ NY3d ___ [Aug. 4, 2021]; People v Barrales, 179 AD3d at 1314-1315). In light of the invalid appeal waiver, defendant's contention that the sentence is harsh and excessive is not precluded. That said, the sentence was in accordance with the terms of the plea agreement, and we discern no extraordinary circumstances or abuse of discretion warranting a modification of the sentence in the interest of justice (see People v Brito, 184 AD3d 900, 901 [2020]; People v Alolafi, 170 AD3d 1379, 1380 [2019]).
Defendant also argues that counsel's affirmative response to the People's question during the plea colloquy as to whether counsel was satisfied "that defendant's plea and waiver of appeal are entered into by him knowingly, intelligently and voluntarily" constituted ineffective assistance of counsel. We disagree. "A defendant's right to counsel is adversely affected when his or her attorney, either voluntarily or at the court's urging, becomes a witness against him or her or if counsel makes remarks that affirmatively undermine a defendant's arguments" (People v Curry, 123 AD3d 1381, 1382 [2014] [internal quotation marks, brackets and citations omitted], lv denied 25 NY3d 950 [2015]). In our view, counsel's affirmation, made prior to the Court of Appeals [*2]2019 decision in People v Thomas (supra), did not constitute him becoming a witness against or taking a position adverse to defendant (see People v Wise, 29 AD3d 1216, 1217 [2006], lv denied 7 NY3d 852 [2006]; People v Price, 4 AD3d 254, 255 [2004], lv denied 2 NY3d 804 [2004]). Moreover, County Court did not rely on counsel's affirmation, as the record reflects that County Court subsequently conducted a plea colloquy wherein defendant affirmed that he understood the ramifications of the plea and appeal waiver and that he was pleading guilty and waiving the right to appeal voluntarily (see People v Curry, 123 AD3d at 1382-1383; People v Rodriguez, 189 AD2d 684, 685 [1993], lvs denied 81 NY2d 892 [1993]).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.