People v Hilts (2021 NY Slip Op 07026)





People v Hilts


2021 NY Slip Op 07026


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

110675
[*1]The People of the State of New York, Respondent,
v
Lewis Hilts, Appellant.

Calendar Date:November 12, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hogan, J.), rendered April 17, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of strangulation in the second degree.
Defendant pleaded guilty to a superior court information charging him with strangulation in the second degree and purportedly waived his right to appeal. In accordance with the terms of the plea agreement, Supreme Court sentenced defendant to two years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. Initially, we agree with defendant's contention that he did not validly waive the right to appeal. Defendant signed a written waiver that was overbroad in that it purported to effectuate a total bar to the pursuit of all potential remedies, including collateral relief in both state and federal courts (see People v Thomas, 34 NY3d 545, 566 [2019]; People v Lunan, 196 AD3d 969, 969 [2021]). Moreover, a review of the plea colloquy reveals that Supreme Court failed to overcome this defect "by ensuring that defendant understood that some appellate rights survive the appeal waiver" (People v Robinson, 195 AD3d 1235, 1236 [2021]; see People v Thomas, 34 NY3d at 566; People v Lafond, 189 AD3d 1824, 1825 [2020], lv denied 36 NY3d 1121 [2021]). In light of the invalid appeal waiver, defendant's claim that the sentence is harsh and excessive is not precluded from our review. That said, the sentence was in accordance with the plea agreement and we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Mosher, 191 AD3d 1170, 1171 [2021], lv denied 37 NY3d 959 [2021]; People v Morrow, 163 AD3d 1265, 1266 [2018]).
Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.