People v David (2021 NY Slip Op 07319)





People v David


2021 NY Slip Op 07319


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

110623
[*1]The People of the State of New York, Respondent,
v
Brian J. David, Appellant.

Calendar Date:November 12, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Edward S. Graves, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Appeal from a judgment of the County Court of Clinton County (Bruno, J.), rendered May 30, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to burglary in the second degree and agreed to waive his right to appeal. County Court sentenced defendant in accord with the plea agreement to a prison term of four years followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that he is not precluded from challenging the severity of the sentence imposed because the waiver of the right to appeal is invalid. We agree. Defendant was aware that the waiver of the right to appeal was a condition of the plea agreement, and County Court sufficiently explained the separate and distinct nature of the appeal waiver and distinguished it from the trial-related rights automatically forfeited by the guilty plea. However, County Court made no inquiry as to whether defendant read the accompanying written waiver, nor if he understood its contents or consequences. Significantly, the written waiver specifically states that defendant waived his right to pursue "all postconviction remedies." This overbroad and inaccurate language signaling that no issues survived the waiver was not cured by the limited colloquy between County Court and defendant (see People v Thomas, 34 NY3d 545, 563 [2019]; People v Brito, 184 AD3d 900, 900-901 [2020]). As such, we are not persuaded that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v LaPierre, 195 AD3d 1301, 1303 [2021]; People v Brito, 184 AD3d at 901).
Turning to defendant's challenge to the sentence, we are unpersuaded that it is harsh and excessive notwithstanding that the maximum authorized period of postrelease supervision was imposed. Contrary to defendant's contention, the record reflects that County Court reviewed the presentence investigation report and considered appropriate factors in imposing the agreed-upon sentence, and we find no abuse of discretion or extraordinary circumstances warranting modification of that sentence in the interest of justice (see People v Hyson, 197 AD3d 1439, 1439-1440 [2021]; People v Lord, 159 AD3d 1283, 1284 [2018], lv denied 31 NY3d 1119 [2018]; People v Rock, 151 AD3d 1383, 1384 [2017], lv denied 30 NY3d 953 [2017]).
Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.