People v Giddings (2021 NY Slip Op 07581)





People v Giddings


2021 NY Slip Op 07581


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

110368
[*1]The People of the State of New York, Respondent,
v
Patricia Giddings, Appellant.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Craig Meyerson, Peru, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Clinton County (Bruno, J.), rendered November 13, 2017, convicting defendant upon her plea of guilty of the crime of manslaughter in the second degree.
Defendant was charged in a four-count indictment with murder in the second degree, manslaughter in the second degree, making a punishable false written statement and endangering the welfare of a child. The charges stemmed from an incident in which defendant's two-year-old son asphyxiated when his neck became lodged in a notch cut into a makeshift plywood barrier that had been installed to confine him within his bedroom. Defendant pleaded guilty to manslaughter in the second degree in full satisfaction of the indictment and purportedly waived her right to appeal. No sentencing commitment was made as part of the plea agreement. County Court thereafter sentenced defendant to 4 to 12 years in prison, and she appeals.
Initially, we agree with defendant that she did not knowingly, intelligently and voluntarily waive her right to appeal. The written appeal waiver executed in open court contained overbroad language that indicated that defendant was waiving "all post-conviction remedies." County Court did not overcome this overbroad language "by ensuring that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Lafond, 189 AD3d 1824, 1825 [2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 1121 [2021]; see People v Thomas, 34 NY3d 545, 561 [2019]; People v Lunan, 196 AD3d 969, 970 [2021]).
We reject defendant's contention that County Court erred in not conducting a summary hearing regarding certain information contained in the presentence investigation report that she disputed (see CPL 400.10 [3]). County Court assured defendant that it would take the additional information provided by her into consideration and directed that her sentencing memoranda be made part of the presentence investigation report, and the record does not reflect that the ensuing sentence "turn[ed] on any factual disputes requiring further exploration" (People v Yomtov, 19 AD3d 147, 147 [2005]; see People v Russell, 133 AD3d 1199, 1200 [2015], lv denied 26 NY3d 1149 [2016]). Defendant's claim that the sentence violated her right to equal protection under the State and Federal Constitutions is unpreserved for our review as she did not raise this specific objection at the plea or sentencing proceedings or make an appropriate postallocution motion (see People v Wildrick, 175 AD3d 1674, 1674-1675 [2019]; People v Creech, 165 AD3d 1491, 1494 [2018]; People v Brewster, 161 AD3d 1309, 1310 [2018]).
Finally, we are unpersuaded that the sentence imposed was harsh or excessive. Although her boyfriend received a lesser sentence for his involvement in the crime, that fact does not establish that the sentence that defendant received was unduly severe (see People v Williams, 156 AD3d 1224, 1231 [2017], lv denied 31 [*2]NY3d 1018 [2018]; People v Foli, 145 AD3d 1322, 1323 [2016], lv denied 29 NY3d 1031 [2017]). The sentence imposed was within the permissible statutory range (see Penal Law § 70.00 [2] [c]; [3] [b]) and, as County Court stated, reflected defendant's "inexcusable" conduct in allowing the installation of what she should have known was a dangerous makeshift barrier across the child's bedroom door, failing to call 911 after finding his body trapped in that barrier, and then providing an inaccurate account of events to the medical professionals who were trying to resuscitate the child when she and her boyfriend brought his body to the hospital. Finding no extraordinary circumstances or abuse of discretion by County Court, we decline to disturb the sentence imposed (see People v Hatcher, 168 AD3d 1313, 1313 [2019], lvs denied 33 NY3d 1031, 1032 [2019]; People v Morrow, 163 AD3d 1265, 1266 [2018]).
Garry, P.J., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.