People v Granger (2024 NY Slip Op 01646)

People v Granger

2024 NY Slip Op 01646

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, GREENWOOD, NOWAK, AND KEANE, JJ.

200 KA 18-01100

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAWN G. GRANGER, DEFENDANT-APPELLANT. 

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 7, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree and reckless endangerment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid, defendant forfeited the right to raise the suppression issues on appeal inasmuch as he pleaded guilty before County Court issued a ruling thereon (see CPL 710.70 [2]; People v Fernandez, 67 NY2d 686, 688 [1986]; People v Dix, 170 AD3d 1575, 1576 [4th Dept 2019], lv denied 33 NY3d 1030 [2019]; see also People v Monk, 189 AD3d 1970, 1971-1972 [3d Dept 2020], lv denied 37 NY3d 958 [2021]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court