People v Clark (2025 NY Slip Op 07249)

People v Clark

2025 NY Slip Op 07249

Decided on December 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

CR-24-0009
[*1]The People of the State of New York, Respondent,
v
Tahleek Clark, Appellant.

Calendar Date:November 13, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ.

Richard L. Herzfeld, New York City, for appellant.
Brian P. Conaty, District Attorney, Monticello (Thomas W. Raleigh of counsel), for respondent.

Powers, J.
Appeals (1) from a judgment of the County Court of Sullivan County (James Farrell, J.), rendered November 21, 2022, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, criminal possession of a weapon in the second degree (four counts), criminal use of a firearm in the second degree (two counts) and reckless endangerment in the first degree, and (2) from a judgment of said court, rendered January 20, 2023, which resentenced defendant.
In the early morning hours of August 9, 2021, defendant was involved in an altercation between two groups of individuals in the Village of Monticello, Sullivan County. During that altercation, defendant drew a firearm and fired several shots at the other group, striking one member of that group who sustained non-life-threatening injuries. Defendant was charged, along with other involved individuals, in a multicount indictment with various crimes — counts 1 through 8 stemmed from his actions during the initial altercation, while count 9 related to acts on the day of his subsequent arrest.[FN1] After County Court conducted certain hearings, the case proceeded to a jury trial. At the culmination of that trial, defendant was acquitted of count 9 and convicted of the remaining counts. Thus, defendant was convicted of attempted assault in the first degree (count 1) (see Penal Law § 110; 120.10 [1]), four counts of criminal possession of a weapon in the second degree (counts 2, 3, 6 and 7) (see Penal Law § 265.03 [1] [b]), two counts of criminal use of a firearm in the second degree (counts 4 and 5) (see Penal Law § 265.08 [1]) and reckless endangerment in the first degree (count 8) (see Penal Law § 120.25). After resentencing, defendant was sentenced, as a second violent felony offender, to prison terms of 15 years, to be followed by 5 years of postrelease supervision, for his convictions under counts 1, 2, 3, 4 and 5, prison terms of 7 years, to be followed by five years of postrelease supervision, for his convictions under counts 6 and 7 and an indeterminate prison term of 3½ to 7 years for his conviction under count 8. County Court directed that the sentences under counts 1, 2, 3, 4, 5, 7 and 8 were to run concurrently to one another with count 6 running consecutively thereto, amounting to an aggregate prison term of 22 years. Defendant appeals.
During trial, a police officer with the Village of Monticello Police Department identified defendant in video surveillance footage and described what was depicted therein. Defendant claims this was a reversible error. He concedes, however, that he failed to render any objection to the admission of this testimony and made no request for a limiting instruction related to the testimony. As a result, defendant has failed to preserve this contention and, considering the officer's admitted familiarity with defendant, we decline his request to reverse his conviction based on this issue in the interest of justice (see CPL 470.05 [2]; 470.15 [3] [c]; [*2]People v Ackerman, 173 AD3d 1346, 1350 [3d Dept 2019], lv denied 34 NY3d 949 [2019]; see generally People v Malloy, 228 AD3d 1068, 1072 [3d Dept 2024], lv denied 42 NY3d 971 [2024]).[FN2]
Next, defendant claims numerous failings on the part of trial counsel deprived him of meaningful representation. "[A] claimed violation of the constitutional right to the effective assistance of counsel will not survive judicial scrutiny so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Houze, 177 AD3d 1184, 1188-1189 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 1159 [2020]). "To prevail, the defendant must demonstrate the absence of strategic or other legitimate explanations — i.e., those that would be consistent with the decisions of a reasonably competent attorney — for the alleged deficiencies of counsel" (People v George, 242 AD3d 1447, 1451 [3d Dept 2025] [internal quotation marks and citations omitted]).
Defendant claims that trial counsel was ineffective because he did not challenge a prospective juror who had expressed a belief that defendant "probably [had] some level of involvement." However, defendant only highlights a portion of the comment at issue and the surrounding context is essential. Counsel asked the panel whether they believed that defendant "probably did what [he is] accused of," to which the prospective juror at issue responded, "I don't feel necessarily that he did what we're being told. I feel there's probably some level of involvement. You don't end up in a situation [like this] without some involvement." Counsel cautioned that no evidence had been heard and, therefore, nothing is known for certain and the only thing before the prospective jurors at that juncture were accusations. While counsel asked for acquiescence to that sentiment, the prospective juror did not verbalize his response and, as a result, it was not transcribed into the record. However, it is noteworthy that prior to this exchange counsel had asked the entire panel if anyone believed defendant to be guilty and no prospective juror answered in the affirmative. Therefore, considering this prior agreement and the subsequent statement that he did not necessarily believe defendant to have done what he was being accused of, it was demonstrated that this prospective juror had not predetermined the matter as defendant now claims (see People v Rosa, 206 AD3d 1253, 1257 [3d Dept 2022], lv denied 39 NY3d 964 [2022]; People v Dirschberger, 185 AD3d 1224, 1126-1227 [3d Dept 2020], lv denied 36 NY3d 1056 [2021]). Accordingly, as "[t]he jury selection process . . . involves a quintessentially tactical decision," the decision not to challenge this juror did not amount to ineffective assistance of counsel (People v Gibson, 240 AD3d 1054, 1059 [3d Dept 2025] [internal quotation marks and citations [*3]omitted]). We likewise find no merit in defendant's argument that he was deprived of meaningful representation by counsel's election not to conduct voir dire of the second panel of prospective jurors, who only consisted of potential alternates, as he has failed to show the absence of a strategic explanation for that decision (see People v Hoyt, 237 AD3d 1360, 1363 [3d Dept 2025], lv denied 44 NY3d 982 [2025]; see generally People v Benevento, 91 NY2d 708, 712-713 [1998]).
Defendant also contends that counsel permitted certain testimony to be admitted which deprived him of a fair trial and, consequently, trial counsel's failure to object to that testimony amounted to ineffective assistance. Defendant argues that a witness, who was a member of the opposing group involved in the underlying altercation, was permitted to offer self-serving testimony that defendant, among other things, possessed a firearm the night before the events in question and held certain gang affiliations. However, the challenged testimony was elicited by defendant during cross-examination and was consistent with trial counsel's demonstrated strategy of calling into question that witness' credibility and motive to fabricate these allegations by highlighting the rivalry between he and defendant and that he was testifying as a cooperating witness as part of a plea agreement. As such, we cannot say that trial counsel was without strategy in permitting the admission of this testimony (see People v Wilcox, 231 AD3d 1350, 1352 [3d Dept 2024]; People v Johnson, 225 AD3d 927, 936 [3d Dept 2024], lv denied 42 NY3d 927 [2024]).
Defendant also maintains that the consideration of certain factual information contained within the presentence report deprived him of due process, and, relatedly, the failure of trial counsel to request a hearing to determine the accuracy of that information denied him of meaningful representation. As defendant concedes in making the latter portion of this argument, no motion was made for a hearing, nor did he request to redact the information in question. As a result, that aspect of his argument challenging the inclusion of that information in the presentence report is unpreserved for our review (see CPL 470.05 [2]; People v Hildreth, 199 AD3d 1366, 1368 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]; People v Russell, 133 AD3d 1199, 1200 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]; see also CPL 400.10 [1], [3]). Nevertheless, we do not find trial counsel's decision not to make such a motion to have deprived defendant of meaningful representation. Defendant admitted on the record that he had been previously convicted of a felony. County Court then undertook a colloquy regarding the underlying facts of that conviction, as well as other alleged criminal activities on the part of defendant, to which defendant stated "[n]one of that is true though." This statement alone did not amount to a "showing that the information in the pre[sentence] report was inaccurate" [*4]and, therefore, "a request for such a hearing would have had little to no chance of being granted" (People v Russell, 133 AD3d at 1200; see People v Richardson, 142 AD3d 1318, 1319 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]; see generally People v Diaz, 34 NY3d 1179, 1181 [2020]; People v Giddings, 200 AD3d 1481, 1482 [3d Dept 2021], lv denied 38 NY3d 950 [2022]). Defendant's remaining claims of ineffective assistance of counsel have been reviewed and do not necessitate extended discussion. The record as a whole demonstrates that he received meaningful representation (see People v Rivera, 239 AD3d 1045, 1051 [3d Dept 2025], lv denied 43 NY3d 1058 [2025]).
Finally, defendant challenges the sentence imposed by County Court. As set forth more fully above, defendant was sentenced, as a second violent felony offender, to an aggregate prison term of 22 years. Initially, despite his argument to the contrary, the imposition of consecutive sentences was not illegal. Defendant's conviction of criminal possession of a weapon under count 6 arose from a separate and distinct act because defendant had "completed the act of possession within the meaning of [Penal Law § 265.03 (3)] before the shooting occurred," such that the imposition of that sentence to be served consecutively was lawful (People v Malloy, 166 AD3d 1302, 1310 [3d Dept 2018], affd 33 NY3d 1078 [2019]; see People v Crum, 184 AD3d 454, 456-457 [1st Dept 2020], lv denied 35 NY3d 1065 [2020]).
Defendant's claim that the sentence imposed was retaliatory is equally unpersuasive. Defendant was offered a plea deal whereby he would plead guilty to criminal possession of a weapon in the second degree, under count 2 of the indictment, in exchange for a promised prison term of seven years. This term of incarceration was the statutory minimum due to defendant's status as a second violent felony offender, and defendant's trial counsel noted on the record that it was five years lower than that which was initially offered at the start of negotiations. In any event, defendant elected to proceed to trial and, although the eventual sentence was lengthier than that offered if defendant pleaded guilty, that mere fact alone "is not proof positive that defendant was punished for asserting his right to trial" (People v Henehan, 238 AD3d 1336, 1340 [3d Dept 2025] [internal quotation marks and citations omitted], lv denied 43 NY3d 1055 [2025]; see People v Brisman, 236 AD3d 1092, 1094 [3d Dept 2025]). Accordingly, "the record contains no support for the conclusion that the sentence was retaliatory rather than based upon the seriousness of the offenses and other relevant sentencing factors" (People v Luciano, 152 AD3d 989, 995 [3d Dept 2017] [internal quotation marks, brackets and citation omitted], lv denied 30 NY3d 1020 [2017]; see People v Henley, 232 AD3d 1117, 1124 [3d Dept 2024], lv denied 43 NY3d 930 [2025]).
Nor do we find the sentence imposed to have been unduly harsh or severe. Defendant was convicted of [*5]seven class C violent felonies and one class D felony. Regardless of the imposition of consecutive terms of incarceration, defendant was sentenced below the statutorily permissible maximum for his numerous convictions as a second violent felony offender, and County Court noted other prior charges stemming from similar circumstances as that underlying his present convictions. Considering defendant's criminal history, his failure to accept responsibility, the injuries sustained as a result of his actions and the fact that the shooting took place in a residential area, even if late at night, in front of an apartment complex for senior citizens, we decline defendant's request for a reduction of the sentence (see CPL 470.15 [6] [b]; People v Jenkins, 215 AD3d 1118, 1122-1123 [3d Dept 2023], lv denied 40 NY3d 997 [2023]; People v Calafell, 211 AD3d 1114, 1121 [3d Dept 2022], lv denied 39 NY3d 1077 [2023]; People v Castro, 206 AD3d 1444, 1151 [3d Dept 2022], lv denied 38 NY3d 1132 [2022]).
Clark, J.P., Reynolds Fitzgerald, Lynch and Ceresia, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: Defendant was not named in counts 10 and 11 of the indictment.

Footnote 2: Also considering the officer's admitted familiarity with defendant, any such motion would have had little to no chance of success. Consequently, defendant's assertion that trial counsel's failure to object constituted ineffective assistance of counsel is without merit (compare People v Franklin, 237 AD3d 1246, 1249 [3d Dept 2025]).