THIRD DEPARTMENT, JANUARY, 1980

(January 3, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL A. DAWSON, Respondent.—Appeal from orders of the County Court of Tompkins County, entered March 21, 1979, which granted defendant's motion to suppress evidence and dismiss the indictment. The question on this appeal is whether a probation officer acted in accordance with proper procedures in obtaining and executing a search order pursuant to CPL 410.50 (subd 3). Defendant's probation officer, one Jagusiak, received a telephone call from a State Police investigator reciting that, based upon information received from a confidential informant, defendant was in possession of illegal drugs at his place of abode. At a subsequent suppression hearing, the investigator testified that although the information he forwarded to Jagusiak had been presented to him originally by another State Police officer, he knew the informant and had talked to him many times. He also related that the informant had been used in the past and had proven to be reliable although he was not certain this later information was given to Jagusiak. However, he did state he had questioned this other officer as to how he received the information and how the informant knew the drugs were so located. After a discussion with the District Attorney's office, Jagusiak decided to obtain a search order for defendant's premises and such an order was obtained from a County Judge of Tompkins County, apparently on the probation officer's oral application. Accompanied by two State Police officers, he then proceeded to defendant's residence and, upon a search of defendant's room by one of the police officers, a quantity of drugs was discovered. Defendant voluntarily surrendered himself to police authorities, received *Miranda*

warnings, and agreed to co-operate with the police in their continuation of a drug investigation. He also executed a written statement implicating himself and others in the purchase and possession of a quantity of drugs and was thereafter indicted for felonious possession of dangerous drugs. At the conclusion of a suppression hearing following an omnibus motion by defendant, the trial court granted an order suppressing the evidence seized pursuant to the search order, and dismissed the indictment. Its decision reasoned that the search was in violation of defendant's Fourth Amendment rights because it constituted a "police" search without a warrant based upon probable cause. The resulting statements, both oral and written, were also suppressed as a product of the illegal search, and a dismissal of the indictment was directed owing to the unavailability of both forms of evidence for trial purposes. Alternative issues raised in respondent's brief relating to his confessions were not considered by the trial court and, thus, are not before us on this appeal. In our view, the search conducted herein was not a "police" search, but was one initiated and pursued by defendant's probation officer following the receipt of information from police authorities which reasonably justified the conclusion that his duties of supervision required such action. Unlike the procedure condemned in *People v Jackson* (46 NY2d 171), Jagusiak obtained a search order which was grounded on a prior judicial determination of reasonable cause, and he enlisted the aid of the police in the execution of that order in a manner which accorded with the provisions of the statute (CPL 410.50, subds 3, 5). As has been recognized, the Fourth Amendment rights of a probationer are not the same as others possess (see *People v Fortunato,* 50 AD2d 38), and a determination of what is reasonable cause to search must be measured with the purposes of probation in mind *(People v Jackson, supra,* p 175). Orders reversed, on the law and the facts, motion denied, indictment reinstated and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent herewith. Kane, Staley, Jr., and Herlihy, JJ., concur.

Sweeney, J. P., and Main, J., dissent and vote to affirm in the following memorandum by Sweeney, J. P. Sweeney, J. P. (dissenting). We are unable to agree with the reasoning and the result arrived at by the majority. We, therefore, dissent and vote to affirm. A fair reading of the record demonstrates to us that it was the State Police who instigated, directed and controlled the search. Consequently, it was not a proper one pursuant to CPL 410.50 (subd 3), but was in reality a search by the State Police and not one by a probation officer. Furthermore, there was no supporting affidavit by the probation officer, but merely an oral statement by him that he was told by the State Police that they had been informed defendant possessed drugs. The presence and tacit participation by the probation officer was merely to evidence a technical compliance with CPL 410.50. Under such circumstances there was, in our view, a lack of reasonable cause to issue the search order.