■ The People of the State of New York, Respondent, v Gerald Hall, Appellant. [802 NYS2d 691]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered March 26, 2003, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.

Defendant's suppression motion was properly denied. The evidence establishes that the police had reasonable suspicion justifying their seizure of defendant, who met a detailed description of a man carrying a gun. The information the police relied on came from a source that was not anonymous, but rather had identifying characteristics that rendered it reliable, including a partial name and callback number (*see People v Herold*, 282 AD2d 1, 5-6 [2001], *lv denied* 97 NY2d 682 [2001]; *compare Florida v J.L.*, 529 US 266 [2000]). Furthermore, this information was corroborated by defendant's conduct, which was suggestive of criminality. When the officer confronted defendant in a store, defendant turned toward the officer while moving his hand toward his waistband (*see People v Benjamin*, 51 NY2d 267, 270-271 [1980]; *People v Jenkins*, 292 AD2d 188 [2002], *lv denied* 98 NY2d 711 [2002]). Accordingly, the officer lawfully grabbed defendant's hand as a self-protective measure,

and, in doing so, observed a knife in defendant's waistband. This observation led to the lawful recovery of the knife and other contraband. Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.