■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN BORGER, Respondent. [868 NYS2d 542]—

CPL 410.50 (3) provides, in part, "[i]f at any time during the period of probation the court has reasonable cause to believe that the defendant has violated a condition of the sentence, it may issue a search order. Such order must be directed to a probation officer and may authorize such officer to search the person of the defendant and/or any premises in which he resides or any real or personal property which he owns or which is in his possession" (CPL 410.50 [3]; *see generally People v Hale,* 93 NY2d 454 [1999]; *People v Jackson,* 46 NY2d 171 [1978]). Here, the affidavit submitted by the defendant's probation officer provided the Town of Ossining Justice Court with reasonable cause to believe that the defendant had violated a condition of his probation sentence, and that court properly issued a search order. Additionally, the search order complied with the statutory requirements of CPL 410.50 (3). Accordingly, the County Court erred in granting that branch of the defendant's omnibus motion which was to suppress physical evidence obtained pursuant to the search order. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.