(July 16, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE F. JENKINS, Appellant. [882 NYS2d 583]—

Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered July 27, 2007, convict-

ing defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.

The Chemung County 911 call center received a telephone call reporting that a man inside a local bar was brandishing a silver gun. The caller, who was apparently a man but identified himself with a woman's name, claimed that the man with the gun was dressed in a black fur coat, light blue pants and a green hat. When police arrived at the bar, which was occupied by 15 to 20 patrons, they approached defendant, who fit the description they had been given. After beginning to speak to defendant, they asked him to step outside and, upon searching him, discovered a loaded, operable 9 millimeter pistol in his possession.

After an indictment was filed, defendant moved to suppress the gun. County Court denied that motion without a hearing. Defendant then pleaded guilty to a lesser charge of attempted criminal possession of a weapon in the second degree. He now appeals, contending that the court should have granted his suppression motion or at least held a hearing on the issue. We disagree.

Defendant's motion papers were not supported by sufficient sworn factual allegations, permitting County Court to deny the motion without a hearing (see CPL 710.60 [1], [3]; *People v Mendoza*, 82 NY2d 415, 421-422 [1993]). Defense counsel averred that the 911 caller was unreliable because he lied about his identity. However, there were no allegations concerning defendant's conduct or his interaction with police, not even barebones allegations that defendant was doing nothing wrong when police approached and searched him (see *People v Mendoza*, 82 NY2d at 429). Defendant also failed to file any reply to the People's answering papers, which provided a factual scenario supporting the police frisk of defendant.

Regardless of whether the call was from a citizen informant or an anonymous caller, the police had a duty to respond to a report of an individual brandishing a gun in a public establishment. Upon entering the bar and seeing an individual who matched the specific description—including the unusual clothing—the police had a common-law right to inquire (see *People v Herold*, 282 AD2d 1, 7 [2001], *lv denied* 97 NY2d 682 [2001]). During their inquiry in response to the call concerning a potentially-armed suspect, the police were "permitted to take limited precautionary measures to protect themselves" and other citizens in the vicinity (*id.*). When coupled with even an anonymous tip, the police could properly frisk defendant if their own observations prior to seizing him provided them with a rea-

sonable suspicion that he possessed a weapon, so as to create a reasonable fear of physical danger (*see People v Benjamin,* 51 NY2d 267, 270 [1980]; *People v Nesbitt,* 56 AD3d 816, 818 [2008], *lv denied* 11 NY3d 928 [2009]; *see also* CPL 140.50 [3]; *People v Hall,* 23 AD3d 151, 151 [2005], *lv denied* 6 NY3d 754 [2005]; *People v Abdul-Malik,* 298 AD2d 595, 596 [2002], *lv denied* 99 NY2d 611 [2003]).

In grand jury testimony attached to the People's answering papers, an officer testified that he observed defendant repeatedly reaching into his pockets and toward his waistband while the officers were trying to conduct their inquiry. As noted, defendant submitted no reply to the People's answering papers and his original motion did not include any factual allegations regarding his encounter with the police. Because the motion papers failed to raise a factual issue so as to require a hearing, and the facts alleged by the People supported the police officers' actions in conducting the frisk, County Court was entitled to summarily deny the motion (*see* CPL 710.60 [3]).

Cardona, P.J., Spain, Rose and Garry, JJ., concur. Ordered that the judgment is affirmed.