McCarthy, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered January 13, 2010, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, disseminating indecent material to a minor in the first degree and endangering the welfare of a child (two counts).
*1263 Defendant, who was 27 years old, was intercepted by police when he went to meet a 15-year-old girl (hereinafter the victim) he had been text messaging. After speaking with police, defendant was charged with endangering the welfare of a child. A few days later, a homeowner caught defendant climbing into the bedroom window of his 14-year-old daughter. After admitting that he sent that girl a text message picture of his penis on the cell phone that was secured from him after his first arrest, defendant was charged with burglary in the second degree, disseminating indecent material to a minor in the first degree and endangering the welfare of a child. Following a hearing, County Court denied defendant’s suppression motion. During jury selection, defendant pleaded guilty to all four counts of the indictment. County Court sentenced defendant to an aggregate prison term of 12 years and five years of postrelease supervision. Defendant appeals.
County Court did not err in denying defendant’s motion to suppress his statements to police and evidence obtained from his cell phone. Defendant’s arguments are all based on his assertion that the police unlawfully seized him without probable cause prior to his first arrest.* The arresting sergeant testified that the victim’s father walked into the police station with her and informed the sergeant that defendant, an older man, had been text messaging the victim. The father had impersonated the victim and arranged a meeting with the man behind a bar at 11:00 p.m. that night. The sergeant did not have time before the arranged meeting to read the text messages, but the father stated that he had reviewed them. From what the father said regarding those messages, the sergeant was led to believe that the meeting “was going to be a sexual encounter” and the father “was very concerned that this guy was going to try to have sex with his daughter.” When the sergeant arrived at the meeting place, he saw defendant—a person the sergeant recognized as a registered sex offender—walking toward the bar whose parking lot was the meeting spot. Defendant stated that he was there to meet someone. The sergeant responded that the person that defendant was meeting was probably too young for him, which defendant apparently did not deny. The sergeant handcuffed defendant and drove him to the police station, removed the handcuffs, advised defendant of his Miranda rights, obtained a written statement, secured defendant’s cell phone, and then arrested him.
*1264 Defendant was in custody when he was placed in handcuffs and brought to the police station. The only question raised is whether the sergeant had probable cause to seize him. Police have probable cause to arrest an individual if, absent circumstances that would materially impeach the proffered information, an identified citizen provides information accusing that individual of committing a specific crime; such information is presumptively reliable (see People v Bailey, 295 AD2d 758, 759 [2002], lv denied 99 NY2d 533 [2002]; People v Bingham, 263 AD2d 611, 612 [1999], lv denied 93 NY2d 1014 [1999]; People v Peterkin, 151 AD2d 407, 407 [1989], affd 75 NY2d 985 [1990]; People v Gonzalez, 138 AD2d 622, 623 [1988], lv denied 71 NY2d 1027 [1988]; see also Medina v City of New York, 102 AD3d 101, 103-104 [2012]; Guntlow v Barbera, 76 AD3d 760, 768 [2010], appeal dismissed 15 NY3d 906 [2010]). Although the sergeant had not read the text messages, the father—who was an identified citizen with no apparent reason to make up these allegations—related that defendant had been sending messages to an underage girl and was going to meet her for “a sexual encounter.” Part of this information was confirmed when the sergeant found defendant at the designated meeting spot, he acknowledged that he was there to meet someone and did not deny that the person was probably too young for him. Thus, the sergeant had probable cause to believe that defendant had committed the crime of endangering the welfare of a child, i.e., that he “knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child” (Penal Law § 260.10 [1]). Accordingly, as the police had probable cause to seize defendant and bring him to the station, County Court did not err in denying defendant’s suppression motion.
The People concede that County Court improperly imposed a sentence of SVs to 7 years in prison for the charge of disseminating indecent material to a minor in the first degree, despite defendant not being classified as a second felony offender. We modify the sentence on that conviction to 21/3 to 7 years in prison (see Penal Law § 70.00 [3] [b]).
Defendant had previous out-of-state convictions for possessing child pornography and fondling a six-year-old child. He denied and made excuses regarding those convictions, as well as the instant charges. Defendant was on probation for an unrelated crime when he attempted to meet the victim and his first arrest here occurred, and he was caught climbing into another young girl’s window within days of that arrest. Under the circumstances, we find no abuse of discretion or extraordinary circumstances that would warrant disturbing the sentences *1265 imposed as harsh or excessive (see People v Brown, 96 AD3d 1236, 1237 [2012]).
Rose, J.E, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reducing the sentence imposed on count 2 of the indictment to to 7 years and, as so modified, affirmed.

 County Court later acknowledged that it made factual misstatements in its written decision. When orally correcting its findings, the court made further errors. Our decision is based on the hearing testimony and County Court’s credibility determinations, not that court’s factual findings.