McCarthy, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered May 26, 2010, convicting defendant upon his plea of guilty of the crime of possessing a sexual performance by a child (three counts).
Following defendant’s arrest for other crimes,[1] the police obtained a search warrant authorizing a search of defendant’s residence. Police executed the warrant and seized, among other things, two computer towers. Those computers contained child pornography, leading to an indictment on three counts of possessing a sexual performance by a child. After County Court denied defendant’s suppression motion, he pleaded guilty to all three counts and was sentenced, as a second felony offender, to IV2 to 3 years in prison on each count, with the sentences running consecutively to each other but concurrently with the sentences imposed for his other crimes. Defendant appeals.
In defendant’s related appeal, we found that the police had probable cause to seize defendant and arrest him for the prior charges, requiring denial of his suppression motion there (People v Vanness, 106 AD3d 1262 [2013] [decided herewith]). Hence, we reject his arguments that any impropriety in connection with that case affected the search warrant at issue here.
Because defendant failed to allege sufficient facts to justify a hearing, County Court did not err in summarily denying defendant’s motion for a Mapp hearing. Motion papers seeking suppression of evidence “must state the ground or grounds of the *1266 motion and must contain sworn allegations of fact . . . supporting such grounds” (CPL 710.60 [1]). A hearing is not automatic; a court may summarily deny the motion if the papers do not allege a legal basis for suppression or if the factual allegations do not as a matter of law support any alleged ground (see CPL 710.60 [3]; People v Burton, 6 NY3d 584, 587 [2006]; People v Mendoza, 82 NY2d 415, 421 [1993]). “[F] actual sufficiency should be determined with reference to the face of the pleadings, the context of the motion and [the] defendant’s access to information” (People v Mendoza, 82 NY2d at 422; People v Mabeus, 47 AD3d 1073, 1074 [2008]). Here, defendant made his motion after he was supplied with the search warrant application, supporting documents and return, as well as discovery. He had resolved the other criminal charges that precipitated the warrant application, providing him with information related to the situation surrounding the application. In these circumstances, defendant’s bare allegation of a lack of probable cause, without any factual support, was insufficient to require a hearing (see People v Mendoza, 82 NY2d at 427; People v Jenkins, 64 AD3d 993, 994 [2009]; People v Gadsden, 273 AD2d 701, 701-702 [2000], lv denied 95 NY2d 934 [2000]). Accordingly, the court properly determined that a hearing was not necessary to decide the motion.
The challenged search warrant was supported by probable cause. “A search warrant that has been approved by a reviewing magistrate is cloaked with a presumption of validity” (People v Rogers, 94 AD3d 1246, 1247 [2012], lv denied 19 NY3d 977 [2012] [citation omitted]; see People v Castillo, 80 NY2d 578, 585 [1992], cert denied 507 US 1033 [1993]). “[T]o establish probable cause for the issuance of a search warrant, the warrant application must demonstrate that there is ‘sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place’ ” (People v Pinkney, 90 AD3d 1313, 1315 [2011], quoting People v Church, 31 AD3d 892, 894 [2006], lv denied 7 NY3d 866 [2006]; see CPL 690.35 [3] [b], [c]). In the warrant application here, a State Police investigator sought permission to search defendant’s residence—which was clearly and particularly identified—for, among other things, computers, hard drives, external storage devices, disks, DVDs, notebooks, digital images, photographs and similar items that may be of evidentiary value in the investigation of possession of a sexual performance by a child or disseminating indecent ma *1267 terial to minors.[2] The application stated that defendant was a registered sex offender who was under investigation for burglary and endangering the welfare of a child. Sworn statements from defendant and a 14-year-old victim established that defendant had used his cell phone to send her a photograph of his penis, she had sent pictures to his cell phone of herself in her underwear, they had communicated through an instant messenger service and some of those communications were of a sexual nature. Defendant’s probation officer submitted a statement that she had seen a computer in defendant’s bedroom of the residence to be searched and he had both email and MySpace accounts. The warrant application revealed, based on defendant’s and the victim’s sworn statements and the investigator’s personal investigation, that defendant was MySpace friends with the victim and had communicated with her online, but he told police that he thought she did not have a MySpace account. Viewing all of this information together, along with the presumption of validity, County Court correctly determined that the warrant was properly issued and the police had probable cause to search defendant’s residence for evidence of possession of a sexual performance by a child and disseminating indecent material to minors (see People v Rogers, 94 AD3d at 1247-1248).
Defendant argues that a search of computers was unreasonable because the pictures of his penis and of the victim in her underwear were transmitted by cell phones. In this digital age where pictures and information are easily transferred by and among various electronic media, and considering the information in the warrant application, there was a “likelihood that police would find evidence in different forms and on different devices” (United States v Farlow, 681 F3d 15, 18-19 [2012], cert denied 568 US —, 133 S Ct 460 [2012]). We also disagree with defendant’s argument that the warrant was overbroad because it allowed police to search the entire house; he did not preserve this issue by raising it before County Court, and he did not provide any factual allegations that his access within his family’s residence was limited to certain areas or that he was denied access to any electronic devices therein. Thus, the court properly denied his suppression motion.
Considering defendant’s prior criminal history and his refusal to acknowledge any wrongdoing despite pleading guilty, the *1268 sentence imposed was not harsh or excessive (see People v Woodrow, 89 AD3d 1158, 1160-1161 [2011], lv denied 19 NY3d 978 [2012]; People v Hilder, 79 AD3d 1459, 1459 [2010], lv denied 16 NY3d 798 [2011]).
Rose, J.E, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

. Defendant’s appeal from his convictions of those crimes is decided herewith (People v Vanness, 106 AD3d 1262 [2013] [decided herewith]).

. Although defendant complains that the application and warrant contained a catch-all phrase permitting seizure of any other item or object that may be of an evidentiary nature in relation to the listed crimes, that argument is academic because the seized items that the People intended to use at trial fell within the specifically listed categories, not the catch-all.