OPINION OF THE COURT
William Miller, J.
The defendant moves to controvert the search warrant executed in this case, alleging that (1) the search warrant lacked probable cause, and (2) the search warrant was overbroad. The People oppose the defendant’s application.
On February 27, 2013, Sergeant Joseph Cruzado observed the defendant driving a 2002 Jeep Grand Cherokee without lights on and subsequently a loaded firearm was recovered from the defendant’s waistband. At the time of the car stop, the defendant informed Sergeant Cruzado that the defendant was recording the officer with the defendant’s iPhone. During the frisk of the defendant, the iPhone was placed in the defendant’s vehicle, the recording was subsequently turned off by Sergeant Cruzado and the iPhone was vouchered incident to the defendant’s arrest. On April 30, 2013, the police applied for a search warrant to obtain data from the defendant’s iPhone relating to the possession of the firearm recovered on February 27, 2013.
*209 The contents of a person’s cellular telephone implicate the protections of the Fourth Amendment and can be searched, incident to arrest, only after a warrant has been issued by a detached magistrate, and not by an officer ferreting out crime, absent exigent circumstances (Riley v California, 573 US —, 134 S Ct 2473 [2014]). Once such a search warrant has been approved by a reviewing magistrate it is cloaked with a presumption of validity (People v Vanness, 106 AD3d 1265 [3d Dept 2013], lv denied 22 NY3d 1044 [2013]). However, the defendant is still entitled to challenge the issuance of the search warrant. (Franks v Delaware, 438 US 154 [1978]; People v Bigelow, 66 NY2d 417 [1985].) While a search warrant may not be used as a pretext to search beyond the area that is authorized by the warrant (People v Allen, 101 AD3d 1491 [3d Dept 2012], lv denied 21 NY3d 1013 [2013]), evidence of other crimes discovered during the lawful search would not be subject to suppression (People v Dawson, 110 AD3d 1350 [3d Dept 2013], lv denied 23 NY3d 1035 [2014] [police observed a firearm partially concealed in a drawer and after obtaining a search warrant for the apartment also recovered marihuana and currency]).
This court has examined a copy of the search warrant signed by Justice Thomas Carroll, the sworn affidavit of Police Sergeant Joseph Cruzado in support of the search warrant application, a copy of the transcript of the sworn testimony of Sergeant Cruzado, who appeared before Justice Carroll, as well as the parties’ motion papers. Based on such review, this court denies the defendant’s motion in its entirety.
On April 30, 2013, Sergeant Cruzado appeared in person before Justice Carroll and submitted a sworn affidavit regarding Sergeant Cruzado’s firsthand observations of the defendant’s use of the cellular telephone during the arrest of the defendant. The observations coupled with the defendant’s statement that he was recording the interaction with Sergeant Cruzado on the iPhone formed the basis for Sergeant Cruzado’s belief that evidence of the possession of the firearm could be recovered from the defendant’s iPhone. Upon reviewing Sergeant Cruzado’s sworn affidavit, Justice Carroll concluded that probable cause existed to issue a search warrant of the subject iPhone.
The warrant was not overbroad in that it was limited to audio, video and information relating to the possession of the loaded firearm recovered in the instant case. In our modern society, as the abilities of applications contained in cellular phones *210 evolve, a warrant must be drafted with sufficient breadth to search the data of a cellular telephone to determine which application or file is of evidentiary value. Indeed, multiple applications could have been running at the same time, including a telephone call or video call. Thus, just as with a search warrant for a home, while the scope of the warrant may be properly limited, had the police uncovered other acts of criminality, such evidence would fall under the scope of the search warrant (People v Dawson).
The court rejects the defendant’s argument that the search warrant should have been limited only to video and audio files and not as to all data in the cellular telephone. The defendant’s rationale would mean that a defendant would be able to misdirect an otherwise lawful inspection by the police simply by asserting that the defendant was using an application or file that would not produce fruits of criminality. Rather, a search warrant that allows an inspection of the entire cellular telephone is appropriate to determine what, if any, applications and files pertain to the subject of the observed criminality.
In the case at bar, the search warrant application sought to obtain audio and video files relating to the defendant’s possession of a firearm at the time of the defendant’s arrest. The search warrant authorized the downloading of all data contained in the cellular telephone, not from third-party data storage, in order to locate the specific applications and files that related to the possession of the loaded firearm by the defendant. Such a search warrant is not overbroad where (1) the defendant stated that he was recording the police interaction, (2) the police officer was able to personally observe the phone recording the arrest, and (3) the police officer was able to secure the phone so that it could not be used as a weapon (People v Allen; Riley v California).
As Justice Carroll had the opportunity to determine, firsthand, whether there was a sufficient basis to issue the search warrant based upon Sergeant Cruzado’s own personal observations, this court does not need to make any further determination. (People v Brown, 40 NY2d 183, 186 [1976]; see also People v Serrano, 93 NY2d 73 [1999].)
Wherefore, the defendant’s motion to controvert the search warrant is denied.