# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

875
KA 12-00989
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

REID T. HOUSTON, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered April 12, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]). County Court properly refused to suppress the weapon seized by the police pursuant to a search order authorizing the search of the apartment shared by defendant and a probationer. Contrary to defendant's contention, the affidavit submitted by the probation officer in support of his application for a search order provided the issuing court with "reasonable cause to believe that the [probationer had] violated a condition of [his] sentence" by using and possessing illegal drugs (CPL 410.50 [3]; *see People v Borger*, 57 AD3d 691, 691), and the court therefore properly issued an order authorizing the search of the premises where the probationer resided (*see Borger*, 57 AD3d at 691; *People v Dawson*, 73 AD2d 979, 980, *appeal dismissed* 51 NY2d 1005). In view of defendant's failure to provide sufficient factual support for his allegation that the search order was not supported by reasonable cause to believe that the probationer had violated a condition of his sentence, the court properly concluded that a hearing was not required (*see generally People v Vanness*, 106 AD3d 1265, 1266, *lv denied* 22 NY3d 1044; *People v Jenkins*, 64 AD3d 993, 994).

Entered:  July 2, 2015                    Frances E. Cafarell
                                          Clerk of the Court