Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered April 12, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]). County Court properly refused to suppress the weapon seized by the police pursuant to a search order authorizing the search of the apartment shared by defendant and a probationer. Contrary to defendant’s contention, the affidavit submitted by the probation officer in support of his application for a search order provided the issuing court with “reasonable causé to believe that the [probationer had] violated a condition of [his] sentence” by using and possessing illegal drugs (CPL 410.50 [3]; see People v Borger, 57 AD3d 691, 691 [2008]), and the court therefore properly issued an order authorizing the search of the premises where the probationer resided (see Borger, 57 AD3d at 691; People v Dawson, 73 AD2d 979, 980 [1980], appeal dismissed 51 NY2d 1005 [1980]). In view of defendant’s failure to provide sufficient factual support for his allegation that the search order was not supported by reasonable cause to believe that the probationer had violated a condition of his sentence, the court properly concluded that a hearing was not required (see generally People v Vanness, 106 AD3d 1265, 1266 [2013], lv denied 22 NY3d 1044 [2013]; People v Jenkins, 64 AD3d 993, 994 [2009]). Present — Centra, J.P., Lindley, Sconiers, Whalen and DeJoseph, JJ.