People v Alexander (2022 NY Slip Op 04585)

People v Alexander

2022 NY Slip Op 04585

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

111648
[*1]The People of the State of New York, Respondent,
v
Clarence Alexander, Also Known as Trini, Appellant.

Calendar Date:June 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ.

Marshall Nadan, Kingston, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered February 1, 2019, convicting defendant upon his plea of guilty of the crimes of rape in the first degree and sexual abuse in the first degree.
In June 2018, a child victim reported to police that she awoke to defendant licking her foot and noticed that the covers were wet. She then used defendant's cell phone and discovered photographs and a video allegedly depicting defendant urinating and ejaculating on her foot. The child victim and her mother brought defendant's cell phone to the police station where an officer viewed the video. On the strength of a detective's affidavit describing the above information as well as his training and experience regarding cell phone evidence and the characteristics of collectors of child pornography, police obtained a warrant to search and seize data on defendant's cell phone for evidence substantiating violations of Penal Law articles 130, 235 and 263 — sex offenses, obscenity and related offenses, and sexual performance by a child, respectively. Upon executing that warrant, police found videos from May 2018 allegedly depicting defendant engaged in sexual activity with an adult victim who appeared to be sleeping.
Defendant was charged by indictment with rape in the first degree, three counts of sexual abuse in the first degree and endangering the welfare of a child. Following defendant's unsuccessful motion to suppress the evidence recovered from his cell phone, he accepted a plea agreement, purportedly waived his right to appeal and pleaded guilty to one count of rape in the first degree pertaining to the adult victim and one count of sexual abuse in the first degree pertaining to the child victim. In accordance with the plea agreement, the court sentenced defendant to a prison term of 10 years, followed by 20 years of postrelease supervision, upon his rape conviction, and a consecutive prison term of four years, followed by 10 years of postrelease supervision, upon his sexual abuse conviction. Defendant appeals.
Defendant asserts that his waiver of the right to appeal was not knowing, voluntary and intelligent, and we agree. "An appeal waiver is not 'knowingly or voluntarily made in the face of erroneous advisements warning of absolute bars to the pursuit of all potential remedies, including those affording collateral relief on certain nonwaivable issues in both state and federal courts'" (People v Anderson, 184 AD3d 1020, 1020 [2020], lvs denied 35 NY3d 1064, 1068 [2020], quoting People v Thomas, 34 NY3d 545, 566 [2019]). The written waiver form that defendant executed is one that we have previously found to be "overbroad and inaccurate" (People v Williams, 203 AD3d 1398, 1398-1399 [2022], lv denied 38 NY3d 1036 [2022]; see People v Lunan, 196 AD3d 969, 969-970 [2021]; People v Winters, 196 AD3d 847, 848-849 [2021], lvs denied 37 NY3d 1025, 1030 [2021]; People v Anderson, 184 AD3d at 1020-1021). The defects [*2]in the written waiver described in our prior decisions remain, and County Court's oral colloquy did not cure those defects by explaining that some appellate and collateral review survived (see People v Williams, 203 AD3d at 1398-1399; People v Avera, 192 AD3d 1382, 1382 [2021], lv denied 37 NY3d 953 [2021]).
Having found defendant's appeal waiver invalid, we address defendant's contention that the warrant authorizing the police to search his cell phone and seize its contents ran afoul of the Fourth Amendment's requirement that "no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Defendant argues that the warrant in this case was overbroad and insufficiently particularized, which are "two conceptually distinct but related" constitutional infirmities (United States v Cohan, 628 F Supp 2d 355, 359 [ED NY 2009]; see United States v Ulbricht, 858 F3d 71, 102 [2d Cir 2017], cert denied ___ US ___, 138 S Ct 2708 [2018]; United States v Wey, 256 F Supp 3d 355, 393 [SD NY 2017]). A warrant is overbroad if it "seek[s] specific material as to which no probable cause exists" (United States v Cohan, 628 F Supp 2d at 359; see People v Crupi, 172 AD3d 898, 899 [2019], lv denied 34 NY3d 950 [2019], cert denied ___ US ___, 140 S Ct 2815 [2020]). By contrast, a warrant lacks particularity when it is not "specific enough to leave no discretion to the executing officer" (People v Gordon, 36 NY3d 420, 429 [2021] [internal quotation marks and citations omitted]).
Turning first to defendant's overbreadth argument, we begin by noting that "warrants which authorize broad searches of both digital and non-digital locations may be constitutional, so long as probable cause supports the belief that the location to be searched — be it a drug dealer's home, an office's file cabinets, or an individual's laptop — contains extensive evidence of suspected crimes" (United States v Purcell, 967 F3d 159, 181 [2d Cir 2020], cert denied ___ US ___, 142 S Ct 121 [2021]). In order to establish probable cause, "the warrant application must demonstrate that there is sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Vanness, 106 AD3d 1265, 1266 [2013] [internal quotation marks and citations omitted], lv denied 22 NY3d 1044 [2013]; accord People v Cazeau, 192 AD3d 1388, 1388 [2021], lv denied 37 NY3d 963 [2021]; People v Boothe, 188 AD3d 1242, 1243 [2020]). Here, the affidavit described the June 2018 video and the child victim's report and made clear that collectors of child pornography use a variety of electronic methods to share it, "rarely, if ever, dispose of" it and "may go to great lengths to conceal and protect" it. The affidavit further explained that such individuals "also collect child erotica, which may consist of images or text that do not rise to the level of child pornography [*3]but which nonetheless enable their sexual fantasies involving children."
We agree with defendant's overbreadth contention only insofar as the affidavit was insufficient to establish probable cause to search defendant's cell phone and seize evidence related to all of the many crimes classified under Penal Law article 130 (see United States v Wey, 256 F Supp 3d at 393-394). Notwithstanding that overbreadth, probable cause existed to search and seize photographic and video evidence from defendant's cell phone related to his alleged June 2018 commission of the crime of sexual abuse in the first degree (see Penal Law § 130.65 [2]; see also People v Bush, 189 AD3d 643, 644 [2020]). Furthermore, even though the June 2018 video itself was not child pornography as that term is generally understood under the Penal Law (see People v Gibeault, 5 AD3d 952, 953-954 [2004]; see generally Penal Law § 263.00 [1], [2]), it was also reasonable for the issuing magistrate to conclude, based on the affidavit and the content of the June 2018 video, that a search of all data on defendant's cell phone would yield additional evidence of the crime of sexual abuse, along with crimes classified under Penal Law articles 235 and 263 (see Penal Law § 235.05 [2]; People v Socciarelli, 203 AD3d 1556, 1558 [2022], lv denied 38 NY3d 1035 [2022]; cf. People v Madigan, 169 AD3d 1467, 1468 [2019], lv denied 33 NY3d 1033 [2019]). Therefore, because "the warrant [i]s largely specific and based on probable cause" (People v Herron, 199 AD3d 1476, 1479 [2021] [internal quotation marks and citation omitted]; see People v Lamont, 21 AD3d 1129, 1131 [2005], lv denied 6 NY3d 835 [2006]), we need only sever the overbroad portion of the warrant that directed a search for evidence of Penal Law article 130 crimes other than sexual abuse.
Moreover, our severance decision does not require exclusion of the May 2018 videos allegedly depicting him committing the crime of rape in the first degree because they are not "the fruit[s] of the invalid portion of the search warrant" (People v Couser, 303 AD2d 981, 982 [2003]). Rather, we find that those videos were properly seized pursuant to the plain view doctrine, which authorizes law enforcement to seize an item in plain view if "(i) they are lawfully in a position to observe the item; (ii) they have lawful access to the item itself when they seize it; and (iii) the incriminating character of the item is immediately apparent" (People v Brown, 96 NY2d 80, 89 [2001]; accord People v Cole, 162 AD3d 1219, 1220 [2018], lv denied 32 NY3d 1002 [2018]). Here, the search of defendant's cell phone generated an extraction report that included thumbnail images of all of the photographs and videos covering a two-month period. Because the police could search defendant's cell phone pursuant to the valid part of the warrant, and, further, because the thumbnail images would have made the character of the May 2018 videos immediately apparent, County Court appropriately [*4]declined to exclude them (see People v Brown, 96 NY2d at 87-88; People v Brooks, 152 AD3d 1084, 1087 [2017]; People v Gerow, 85 AD3d 1319, 1320 [2011]; see also People v Yun Suhg Rhee, 54 Misc 3d 1217(A), 2017 NY Slip Op 50221[U], *4 [Crim Ct, NY County 2017]).
Finally, we reject defendant's claim that the warrant was insufficiently particularized. To meet the particularity requirement, a warrant must (1) "identify the specific offense for which the police have established probable cause," (2) "describe the place to be searched" and (3) "specify the items to be seized by their relation to designated crimes" (United States v Galpin, 720 F3d 436, 445-446 [2d Cir 2013] [internal quotation marks and citations omitted]). Here, the warrant authorized police to search defendant's cell phone, which was already at the police station, and seize "records and documents . . . in the form of internet history, SMS, MMS, IM, Chats, Contacts, GPS coordinates, Cell locations [and] Call logs" including "[a]ny access numbers, passcodes, swipe code patterns, passwords, personal identification numbers (PINS), logs, notes, memoranda and correspondence relating to computer, electronic and voice mail systems, Internet addresses and/or related contacts," "[a]ny and all photographs and/or videos" and "GPS Location History." The warrant's thorough description met the particularity requirement and left nothing to the discretion of the executing officers (see People v Madigan, 169 AD3d at 1468; People v Vanness, 106 AD3d at 1266-1267; compare People v Melamed, 178 AD3d 1079, 1082-1083 [2019]).
We have considered defendant's remaining contentions and find that they are either rendered academic by our conclusion or otherwise without merit.
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.