People v Haas (2022 NY Slip Op 06960)

People v Haas

2022 NY Slip Op 06960

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

112423
[*1]The People of the State of New York, Respondent,
v
Robert S. Haas, Appellant.

Calendar Date:October 18, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Larkin Ingrassia, LLP, Newburgh (Derek S. Andrews of counsel), for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor R. Fitzsimmons of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered March 27, 2015, convicting defendant upon his plea of guilty of the crimes of rape in the first degree, criminal sexual act in the first degree and strangulation in the second degree.
Shortly after becoming romantically involved with defendant, a woman (hereinafter victim 1) alerted the police about certain photographs that she had found on defendant's digital camera. The photographs appeared to depict defendant engaged in sexual acts with victim 1, but victim 1 could not recall participating in these acts, believing that she had been unconscious at the time due to consuming a combination of prescription drugs and alcohol, and further believing that she did not consent to these acts. An investigation was commenced but no charges were filed against defendant at that time.
Approximately three months later, another woman (hereinafter victim 2) separately contacted the police, alleging that defendant — a friend with whom she had previously been involved in a romantic relationship — had raped her. In giving a statement to the police, victim 2 indicated that, during their relationship, she had noticed a digital camera on defendant's nightstand whenever they had consensual sexual intercourse. A search warrant (hereinafter warrant 1) was then executed at defendant's apartment, and the police seized, among other things, computers, an iPod, an iPhone and electronic storage media, as well as two charging cables for Nikon and Canon digital cameras, although not the cameras themselves. That same day, a second search warrant (hereinafter warrant 2) was issued for the seizure of additional items, including an iPad, that were found during the search of the apartment but had not been specifically described in the application for warrant 1.
Defendant was thereafter arrested and charged with the rape of victim 2. An order of protection was issued requiring, among other things, that defendant surrender his firearms. At the time that the order of protection was issued, defendant stated that he had a handgun in storage in the City of Glens Falls, Warren County, but would not provide further detail as to its location. After learning from victim 2 that defendant stored some belongings in a particular storage unit in Glens Falls, a search warrant [FN1] was executed at that storage unit. During that search, the police opened a backpack and discovered a handgun, Nikon and Canon digital cameras and electronic storage media. A search warrant (hereinafter warrant 3) was then issued to seize the cameras and storage media. Subsequently, another search warrant (hereinafter warrant 4) was issued for the purpose of searching the contents of the various electronic devices and storage media found in defendant's apartment, and an additional search warrant (hereinafter warrant 5) was issued to search the contents of the devices and media found in the storage unit.
Eventually, defendant [*2]was charged by way of two separate indictments with crimes committed against victim 1 and victim 2. In a third indictment, defendant was charged with crimes committed against an additional victim. Defendant moved to suppress evidence seized in connection with warrants 1 through 5, and that motion was summarily denied. Based largely upon the strength of the evidence obtained from the electronic devices, defendant then pleaded guilty to one count from each indictment — criminal sexual act in the first degree with respect to victim 1, rape in the first degree with respect to victim 2 and strangulation in the second degree with respect to the third victim. The plea agreement did not include an appeal waiver. Defendant was sentenced in accordance with the terms of that agreement to two prison terms of 19 years plus 20 years of postrelease supervision on the convictions for criminal sexual act in the first degree and rape in the first degree, and a prison term of two years plus 10 years of postrelease supervision on the conviction for strangulation in the second degree, with all three sentences ordered to run concurrently. Defendant appeals on the basis that the evidence obtained pursuant to warrants 1 through 5 should have been suppressed.
Preliminarily, the People's argument on appeal that defendant failed to establish standing to challenge these warrants is not properly before us. The People, in opposing defendant's motion to suppress, did not object to defendant's lack of standing so as to preserve this issue for our review (see People v Hunter, 17 NY3d 725, 727-728 [2011]; People v Nabi, 165 AD3d 1292, 1293 [2d Dept 2018], lv denied 33 NY3d 1034 [2019]).
Turning to the merits, defendant first challenges warrants 1 and 2 on the basis that they were not supported by reasonable cause. In this regard, defendant was required to show that the warrant applications lacked "sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Vanness, 106 AD3d 1265, 1266 [3d Dept 2013] [internal quotation marks and citations omitted], lv denied 22 NY3d 1044 [2013]; accord People v Jackson, 206 AD3d 1244, 1245-1246 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]).
In the application for warrant 1, a sheriff's investigator sought permission to search defendant's apartment for evidence tending to demonstrate the rape of victim 2, including computers, cameras and digital media. The attached sworn statement from victim 2 contended that defendant had raped her in that apartment and that, during their earlier romantic relationship, victim 2 had seen a digital camera on defendant's nightstand whenever they had consensual intercourse. Victim 2 stated that she asked defendant about the camera "a few times" but that, in response, defendant "would just smile." Victim 2 indicated that she once inserted the camera's memory card into the camera and discovered that it had been "wiped clean." She further stated that she[*3]"would always see his camera card sitting next to his laptop computer." Also attached to the application for warrant 1 was the sworn statement of victim 1, who asserted that she found and examined two cameras in defendant's apartment, that one camera had no pictures on it, and that the other camera had pictures of herself and defendant engaging in nonconsensual sexual acts while she was apparently unconscious. The same sworn affidavits were submitted in connection with warrant 2. Acknowledging that "[a] presumption of validity attaches to a judicially approved search warrant" (People v Brewer, 155 AD3d 1447, 1449 [3d Dept 2017]; see People v Castillo, 80 NY2d 578, 585 [1992], cert denied 507 US 1033 [1993]; People v Oliver, 172 AD3d 1457, 1458 [3d Dept 2019], lv denied 34 NY3d 1080 [2019]), we are satisfied that these warrant applications sufficiently established reasonable cause to believe that evidence of sex crimes, including electronic evidence, could be found in defendant's apartment (see People v Alexander, 207 AD3d 878, 880 [3d Dept 2022]; People v Miller, 199 AD3d 1342, 1343 [4th Dept 2021], lv denied 37 NY3d 1163 [2022]; People v Vanness, 106 AD3d at 1267).
We reject defendant's related argument that the applications supporting warrants 1 and 2 lacked the requisite reasonable cause because victim 1 stated in her affidavit that, after she discovered the photographs of herself on defendant's camera, she took pictures of them with her own phone and then deleted them from the camera, such that there was no indication that any photographic evidence remained on the camera. "In this digital age where pictures and information are easily transferred by and among various electronic media, and considering the information in the warrant application, there was a 'likelihood that police would find evidence in different forms and on different devices'" (People v Vanness, 106 AD3d at 1267, quoting United States v Farlow, 681 F3d 15, 18-19 [1st Cir 2012], cert denied 568 US 955 [2012]). This conclusion is buttressed by victim 2's statement that defendant kept his memory card next to his laptop computer, that she discovered at one point that the memory card had been "wiped clean," and that defendant just smiled when she asked him why he had a camera next to the bed.
Defendant further contends that suppression is appropriate relative to warrants 1 and 2 because victim 1's affidavit was stale, as it was approximately three months old when it was submitted in connection with the applications. "[W]e have long held that probable cause is not determined simply by counting the number of days between the occurrence of the events relied upon and the warrant's issuance" (People v Church, 31 AD3d 892, 894 [3d Dept 2006] [internal quotation marks, brackets and citation omitted], lv denied 7 NY3d 866 [2006]; see People v Conley, 192 AD3d 1616, 1617 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]). Thus, "the question of staleness necessarily turns upon the nature of [*4]the alleged offense and the degree to which it constitutes an ongoing or continuing activity" (People v Manngard, 275 AD2d 378, 379 [2d Dept 2000], lv denied 95 NY2d 966 [2000]). Unlike instances where a warrant application provides outdated information involving a solitary, fleeting incident (see e.g. People v Acevedo, 175 AD2d 323, 324 [3d Dept 1991]), victim 1's affidavit, read in conjunction with victim 2's affidavit, indicated that defendant possessed and used a digital camera during his relationships with both victims, and that defendant was suspected of possessing electronic evidence of sex crimes, capable of being transferred among devices and stored indefinitely. As such, under these circumstances, victim 1's allegations cannot be categorized as stale.[FN2]
Moving on to warrant 3, defendant contends that the application for this warrant lacked reasonable cause insofar as there was insufficient information in the application to establish a connection between defendant and the particular storage unit that was searched or the items sought to be seized therefrom. In that regard, defendant notes that the application for warrant 3 was accompanied only by victim 1's affidavit, even though the application made reference to several additional attachments that were apparently missing, and defendant claims that the application and single attached affidavit are insufficient. We find defendant's argument to be without merit. According to the application, submitted by a sheriff's investigator, defendant had admitted to keeping a handgun in storage in Glens Falls. The application further stated that, while searching a particular storage unit in Glens Falls, the police found the missing handgun in a backpack that also contained Nikon and Canon digital cameras, consistent with the charging cables that had been found in defendant's apartment. In addition, victim 1's affidavit detailed defendant's use of a digital camera relative to committing sex crimes. Bearing in mind that "[s]earch warrant applications should not be read in a hypertechnical manner as if they were entries in an essay contest, but must be considered in the clear light of everyday experience and accorded all reasonable inferences" (People v Rogers, 94 AD3d 1246, 1247 [3d Dept 2012] [internal quotation marks, brackets, ellipsis and citation omitted], lv denied 19 NY3d 977 [2012]), this information, in our view, supplied the requisite connection between defendant on the one hand and the storage unit and seized cameras on the other (see People v Pasco, 134 AD3d 1257, 1258 [3d Dept 2015]; People v Pinkney, 90 AD3d 1313, 1315-1316 [2011]).
Finally, our holding that warrants 1 through 3 were valid disposes of defendant's argument that the evidence obtained by way of warrants 4 and 5 constituted fruit of the poisonous tree (see People v Davis, 204 AD3d 1072, 1077-1078 [3d Dept 2022], lv denied 38 NY3d 1032 [2022]; People v Mabeus, 68 AD3d 1557, 1562 [3d Dept 2009], lv denied 14 NY3d 842 [2010]).
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: This search warrant, which was issued in Warren County and apparently allowed for the seizure of defendant's handgun, was not made a part of the record and is not controverted on this appeal.

Footnote 2: As limited by his appellate brief, defendant's argument that victim 1's affidavit was stale pertained only to warrants 1 and 2. Nevertheless, we note that any staleness argument relative to the application for warrant 3 — which was also supported by victim 1's affidavit — would fail for the same reason.