People v Malloy (2024 NY Slip Op 03203)

People v Malloy

2024 NY Slip Op 03203

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

113138
[*1]The People of the State of New York, Respondent.
v
Deauntta Malloy, Appellant.

Calendar Date:April 22, 2024

Before:Garry, P.J., Clark, Fisher and Powers, JJ.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Clark, J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered August 10, 2021 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
After the police discovered a loaded handgun and over a pound of marihuana while executing a search warrant, defendant was indicted on charges of criminal possession of a weapon in the second degree and criminal possession of marihuana in the second degree. Following the denial of his motion to suppress the gun and marihuana, defendant proceeded to a jury trial and was ultimately convicted of the gun charge but acquitted of the marihuana charge. Supreme Court sentenced defendant, as a second felony offender, to a prison term of 10 years, to be followed by five years of postrelease supervision. Defendant appeals, and we affirm.
To begin, defendant argues that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence. Subject to an exception not applicable herein, "a person is guilty of criminal possession of a weapon in the second degree when he or she knowingly possesses a loaded and operable firearm" (People v Taylor, 207 AD3d 806, 808 [3d Dept 2022], lv denied 39 NY3d 942 [2022]; see Penal Law § 265.03 [3]). "A defendant may be found to possess a firearm through actual, physical possession or through constructive possession — the latter of which requires proof that the defendant exercised dominion or control over the property by a sufficient level of control over the area in which the weapon is found" (People v Bryant, 200 AD3d 1483, 1486 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], appeal dismissed 38 NY3d 1158 [2022]; accord People v Watts, 215 AD3d 1170, 1171-1172 [3d Dept 2023]). "Constructive possession may be established through circumstantial evidence[ ] and does not require proof that a defendant has exclusive access to the area where a weapon is found" (People v Watts, 215 AD3d at 1172 [internal quotation marks, brackets and citations omitted]).
Between June and August 2019, officers from the City of Albany Police Department conducted early-morning surveillance operations of a multifamily residence located on Hamilton Street in the City of Albany. On five of those mornings, they observed defendant leaving the residence carrying a black bag. Defendant was accompanied by a woman and two young children in at least one instance. On August 21, 2019, the last of these occasions, the police saw defendant leave the residence with a black bag, enter a vehicle, put the bag on the front passenger seat and drive away. Knowing that defendant's driver's license was revoked, the police conducted a traffic stop and arrested him. An officer saw the black bag on the front passenger seat, opened the front passenger door and immediately detected a strong odor of marihuana. Upon unzipping the bag, the officer found a house key as well as a large quantity of marihuana [*2]packaged in numerous small plastic bags. A detective then applied for a warrant to search the Hamilton Street residence.
While awaiting issuance of the warrant, officers used the key found in the black bag to open and enter the apartment and secure the premises. The woman previously seen with defendant was present in the apartment. Once the warrant was issued, the police searched the apartment. In the closet of one of the bedrooms, they found men's clothing and shoes, as well as 1.4 pounds of marihuana inside a plastic bag. During the search of that bedroom, the police also found a loaded handgun hidden between the mattress and box spring. The gun had three rounds of ammunition in the magazine and one round in the chamber. The gun was later tested and found to be operable.
Following his arrest, defendant was provided an opportunity to use the telephone, and a recording of such call was introduced into evidence. In that recording, defendant could be heard speaking to a woman, who told him that the apartment had been searched and that she had a copy of the search warrant. Defendant told the woman that the police asked him "whose was it" and that they said the woman could be charged with possessing "it." When the woman told defendant that she was going to speak to the police, he stated, "you don't have to talk to them . . . it's mine." Defendant also said that the police had told him there was "a bullet in the chamber, but I don't know how that was," and that they had said there were "three in the thing and one in the head, but there never was one in the head." According to a detective, "one in the head" means that there was a round of ammunition in the chamber of the gun.
On appeal, defendant argues that the People failed to prove his constructive possession of the gun. However, viewed in the light most favorable to the People and affording them every permissible inference, the foregoing proof — including defendant's possession of a key to the apartment, the presence of men's clothing and shoes in the bedroom where the gun was found and defendant's apparent familiarity with the configuration of the gun's ammunition and statement that "it's mine" — is legally sufficient to establish defendant's dominion and control over the area in which the handgun was found (see People v Pointer, 206 AD3d 1232, 1233 [3d Dept 2022], lv denied 38 NY3d 1152 [2022]; People v Bryant, 200 AD3d at 1487; People v Bellamy, 118 AD3d 1113, 1114 [3d Dept 2014], lv denied 25 NY3d 1159 [2015]). Further, although a contrary verdict would not have been unreasonable, when viewing the evidence in a neutral light, the verdict is not against the weight of the evidence (see People v Sloley, 179 AD3d 1308, 1310 [3d Dept 2020], lv denied 35 NY3d 974 [2020]; People v McCoy, 169 AD3d 1260, 1264 [3d Dept 2019], lv denied 33 NY3d 1033 [2019]).
Next, defendant contends that Supreme Court erred in denying his motion to suppress evidence obtained during the execution of the search warrant because [*3]said warrant was not supported by probable cause. "A search warrant approved by a magistrate is presumed valid and will be upheld if the warrant application demonstrates that there was sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Schaefer, 163 AD3d 1179, 1180 [3d Dept 2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 1007 [2018]; see People v Jackson, 206 AD3d 1244, 1245-1246 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]). "[T]he issuing court's determination that probable cause existed must be afforded great deference" (People v Ferguson, 136 AD3d 1070, 1072 [3d Dept 2016] [internal quotation marks, brackets and citations omitted]). Here, the supporting affidavit of a detective from the City of Albany Police Department detailed the surveillance operations conducted in the summer of 2019. The detective explained that he was familiar with defendant, who had several pending criminal charges relating to the possession or sale of marihuana. The affidavit also set forth the observations of defendant leaving the Hamilton Street residence in the early morning hours, the circumstances leading to defendant's arrest and the large quantity of individually-packaged marihuana baggies. The detective asserted that, based upon his extensive experience investigating hundreds of narcotic crimes, he believed that defendant was involved in the sale of marihuana and that he was using the Hamilton Street residence to store marihuana and the proceeds from such sales. Having reviewed the search warrant application, we find that it provided sufficient information to support a reasonable belief that evidence of a crime may be found at the Hamilton Street residence (see People v Morehouse, 183 AD3d 1180, 1182-1183 [3d Dept 2020], lv denied 35 NY3d 1068 [2020]; People v Brown, 167 AD3d 1331, 1332-1333 [3d Dept 2018]; see also People v Merritt, 218 AD3d 1058, 1059-1060 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]). We also reject defendant's related contention that the search warrant application was deficient due to a typographical error within the supporting affidavit, as "search warrant applications should not be read in a hypertechnical manner" but, rather, "must be considered in the clear light of everyday experience and accorded all reasonable inferences" (People v Haas, 211 AD3d 1176, 1181 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 39 NY3d 1078 [2023]; see People v Cavallaro, 123 AD3d 1221, 1222 [3d Dept 2014]). As such, Supreme Court properly denied defendant's motion to suppress the physical evidence found at the Hamilton Street residence.
Lastly, defendant asserts that defense counsel rendered ineffective assistance at the suppression hearing and at trial. "It is well established that a claim of ineffective assistance of counsel must fail if 'the evidence, the law, and the circumstances of a particular case, viewed in totality [*4]and as of the time of the representation, reveal that the attorney provided meaningful representation' " (People v Sevilla-Rosales, 206 AD3d 1247, 1248 [3d Dept 2022] [citation omitted], lv denied 38 NY3d 1153 [2022], quoting People v Baldi, 54 NY2d 137, 147 [1981]). "It is a defendant's burden to show that meaningful representation was not provided and, further, that there were no 'strategic or other legitimate explanations — i.e., those that would be consistent with the decisions of a reasonably competent attorney — for the alleged deficiencies of counsel' " (People v Sposito, 193 AD3d 1236, 1237 [3d Dept 2021] [citations omitted], affd 37 NY3d 1149 [2022], quoting People v Maffei, 35 NY3d 264, 269 [2020]). As to the suppression hearing, defendant argues that counsel was ineffective for stipulating to a detective's identification of defendant as the individual who was surveilled. However, counsel's stipulation was appropriate as of the time of the representation — that is, in the early months of the COVID-19 pandemic — in light of the fact that defendant was wearing a mask and appearing on video at the time of the hearing, which merely presented a logistical challenge to the detective's ability to view and identify him. Notably, the detective was familiar with defendant, having observed him several times in connection with this and other cases. We also find no merit in defendant's argument that counsel should have objected to the introduction of his recorded call at trial because he was unaware that the call could be recorded. To the contrary, there was testimony that signs were posted in the booking area and next to the telephones advising detainees that calls were being recorded, such that defendant had no reasonable expectation of privacy on the call nor any reason to believe it would not be admissible (see People v Diaz, 33 NY3d 92, 99-100 [2019], cert denied ___ US ___, 140 S Ct 394 [2019]). In that regard, "counsel is not ineffective for failing to make an argument that stands little or no chance of success" (People v Byrd, 174 AD3d 1133, 1134 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 979 [2019]). Having reviewed defendant's remaining claims of ineffectiveness, we find that he has failed to demonstrate the absence of strategic or other legitimate explanations for the purported failings. Rather, as counsel sought suppression of evidence, thoroughly cross-examined the People's witnesses and made well-reasoned arguments to the jury — resulting in defendant's acquittal on one of the two charges against him — we are satisfied that defendant received meaningful representation (see People v Drumgold, 206 AD3d 1044, 1049 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]; People v Breedlove, 157 AD3d 1050, 1052 [3d Dept 2018]).
Defendant's remaining contentions, to the extent not specifically addressed herein, have been considered and found to be without merit.
Garry, P.J., Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.