People v Pinney (2025 NY Slip Op 03606)

People v Pinney

2025 NY Slip Op 03606

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

CR-22-2276
[*1]The People of the State of New York, Respondent,
v
Bridget M. Pinney, Appellant.

Calendar Date:May 23, 2025

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Cynthia Feathers, Saratoga Springs, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.

Appeal from a judgment of the County Court of Tioga County (Gerald Keene, J.), rendered August 8, 2022, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the second degree (two counts).
Defendant was charged in two separate indictments with numerous drug offenses — the most serious being three counts of criminal possession of a controlled substance in the second degree, a class A-II felony. In full satisfaction of both indictments, the People afforded defendant the opportunity to plead guilty to two counts of criminal possession of a controlled substance in the second degree (one count under each indictment) with the understanding that she would be sentenced, as a second felony offender, to a prison term of seven years, to be followed by five years of postrelease supervision. The plea agreement also required defendant to waive her right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon sentence for each conviction — said sentences to run concurrently. This appeal ensued.
We affirm. The People concede, and our review of the record confirms, that the waiver of appeal is invalid. The written appeal waiver contains overbroad and erroneous advisements (see e.g. People v Hall, 225 AD3d 1002, 1002-1003 [3d Dept 2024]; People v Alexander, 207 AD3d 878, 879 [3d Dept 2022], lv denied 39 NY3d 984 [2022]), and County Court's oral colloquy was insufficient to ensure that defendant understood that some appellate review survived (see e.g. People v Lester, 232 AD3d 1056, 1057 [3d Dept 2024]; People v Moore, 230 AD3d 1470, 1471 [3d Dept 2024]). Accordingly, defendant's challenge to the severity of the sentence imposed is not precluded (see People v Lewis, 236 AD3d 1178, 1178 [3d Dept 2025]). That said, upon reviewing the record and taking into consideration all of the relevant factors, we do not find the negotiated sentence imposed, which was only one year more than the minimum permissible period of incarceration (see Penal Law § 70.71 [3] [b] [ii]), to be unduly harsh or severe (see CPL 470.15 [6] [b]). However, and as both defendant and the People acknowledge, defendant was allegedly sentenced as a second felony offender when she was actually sentenced as a second felony drug offender (compare Penal Law § 70.06 [3] [a], with Penal Law § 70.71 [3] [b] [ii]). Accordingly, the uniform sentence and commitment form must be amended to properly reflect defendant's status as a second felony drug offender (see People v Williams, 237 AD3d 1377, 1378 [3d Dept 2025]).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.